ALLARD ANTHONY VAN DE BOGERT and Others, Appellants, *v.* THE REFORMED DUTCH CHURCH OF POUGHKEEPSIE and Others, Respondents.

Second Department, January 21, 1927.

Deeds — condition subsequent — action in ejectment on ground that deed given in 1718 was on condition subsequent and that condition has been broken — deed granted certain land in Poughkeepsie to four people, their heirs and assigns forever — habendum clause stated that grantees were to have and to hold premises for purposes of building meeting house of Reformed Dutch church and providing burial place — at time of deed church was not incorporated and could not hold property — later, church became incorporated and property passed to it by statute of incorporation — said property was not granted on condition subsequent — complaint does not state cause of action in ejectment — grant was apparently in trust for benefit of church.

The complaint in this action in ejectment does not state a cause of action on the theory that the plaintiffs' ancestor in 1718 made a grant of the land in question, to four people on a condition subsequent, which has been broken, for it appears

that the grant in question was made to the four people, their heirs and assigns forever, to have and to hold the premises granted for the proper and only use and benefit of the inhabitants of Poughkeepsie to build and maintain a meeting house for a Reformed Dutch church and to provide for a burial place. The deed itself contains no terms of condition, but purports to grant the entire property in fee for the use of the church, which, at the time of the deed, was unincorporated and could not hold the property. Later, when the church became incorporated, the property passed to it by the act of incorporation, in fulfillment of the trust imposed by the grantor.

Since the property was not granted on condition subsequent, the plaintiffs have not shown any title by reason of a violation of the alleged condition, in that the church has ceased to maintain the property for religious worship and place of burial, and the plaintiffs' only remedy, if any, is an action to enforce the trust.

APPEAL by the plaintiffs, Allard Anthony Van De Bogert and others, from two separate orders of the Supreme Court, made respectively at the Dutchess and Orange Special Terms and entered in the office of the clerk of the county of Dutchess on the 3d and 21st days of June, 1926, respectively, granting defendants' motions for judgment on the pleadings and to dismiss the complaint upon the merits on the ground that it failed to state facts sufficient to constitute a cause of action; and also from an order made at the Dutchess Special Term and entered in said clerk's office on the 4th day of June, 1926, granting the motion of the defendant United Cigar Stores Company to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it appears on the face thereof that it fails to state facts sufficient to constitute a cause of action.

*Herbert D. Cohen* [*Morris D. Kopple* with him on the brief], for the appellants.

*W. E. Hoysradt,* for the respondent Reformed Dutch Church of Poughkeepsie.

*Robert D. Steefel,* for the respondent United Cigar Stores Company of America.

MANNING, J. The plaintiffs, claiming to be the heirs at law of Jacobus Van den Bogert " of Dutchess County in the Colonia of New York yoman," who died in or about the year 1760, brought an action in ejectment to recover certain real property situate in the city of Poughkeepsie. The action was based upon a deed of conveyance executed by the said Van den Bogert in 1718. By that deed, for " Divers good Causes and Valuable Considerations," he conveyed to four named grantees, " all yoman in the above said County," all that " Cartaine piece or Lott of ground " which then, and for years afterwards, was a part of his outlying farm, but which, as Poughkeepsie spread out and grew from a village

into a city, has become the city's center and is located on what is now the southeast corner of Main and Market streets. The granting clause states that he has " givein granted Bargained Sould alineated Convaied & confirmed and by these presents Do freely fully and absolutely give grant bargain sell alline convey and Confirm unto the Said Barendt Van Kleeck Myndert Van Den Bogert Pieter Vieles and Johannes Van Kleeck their heirs and assigns forever    *    *    *." The habendum clause, which is the nub of the controversy here, reads in part as follows:

" To Have and to Hould the said granted and bargained premises with all the appurtenances and privileges and Commodities to the same belonging or in any way aportaining to them the said Barendt Van Kleeck Myndert Van Den Bogert Pieter Vielee and Johannes Van Kleeck their heirs and assigns for ever. For the proper and only use benefitt and behoof of the Inhabatance and naberhod of poughkeepsing of said to Bild and Maintaen a proper Mietinghous to worship the one and only God acording to the Rules and Methodes as it is agried and concluded by the Nationael at Dordreght in the Year 1618 and 1619 and that in the Neder Dutch Lingo and manner as it is now used by the Clarsles and Church of Amsterdam with the benefitt of the Mietenhous yard for a Buriall place of Christian Corps to the same belonging with all the benefitts and behoofs forever    *    *    *    and that the Sd. Barendt Van Kleeck Myndert Van Den Bogert Pieter Vielee & Johannes Van Kleeck there heirs and assigns shall and may from time to time and at all times for ever heirafter for the use aforesaid by being of the presents lawfully, peaceably and quiatly have hould use occupy possess enjoy the said Demised and bargained premises with the appurtenances free cliar    *    *    *."

The complaint alleges that the church claims to be the owner of the property; that there is not now upon the property any meeting house or church whatsoever, nor is there maintained thereon a " Buriall place of Christian Corps," as provided for in the deed; that the omission to build or to maintain a meeting house upon the property had continued for a long time prior to the commencement of the action, and still continues; and that by reason thereof the conditions in the deed of conveyance have been broken and disregarded. Because of such breach the plaintiffs demand judgment for the possession of the premises, and for $25,000 as damages for the withholding of possession.

In the answer is this allegation: That in and previous to 1716 there was a settlement of people at Poughkeepsie who were of Holland ancestry and were associated together for church and religious purposes in the manner and under the denomination set

forth in the deed, known as the Reformed Dutch Church of Holland, but this society was not incorporated at that time and was not incorporated until in or about the year 1788, and the deed heretofore referred to was made by Jacobes Van den Bogert for a valuable and adequate consideration, and granted the premises therein described in fee simple to the four individual grantees therein named, in order that the title might be held by them for the said church organization, as such organization could not at that time acquire and hold the title to real property, and the defendant alleges that this grant was acquired by purchase for a valuable and adequate consideration, and the reference therein to the purposes for which the grantees were acquiring title were made solely with the intent that the grantees therein named should not acquire individual ownership over the land therein described, but should hold it for the use and benefit of the defendant, the said Reformed Dutch Church, until it could legally acquire the title through incorporation. The answer then alleges that the grantor did not intend to attach any condition or restriction upon the title, but that it was the intent to convey an estate in fee simple for the sole benefit and use, absolutely and forever, of the church. It is stated that immediately after the execution and delivery of the deed the church entered into possession of the premises and exercised ownership over them; that from 1718 until the present time it received the rents and profits thereof; that in 1718, after entering into possession, it built a place of worship, which it maintained continuously, until or about the year 1766, in complete accordance with the purpose described in the deed; that in 1766 it built another church, nearly opposite the first, where, until about the year 1922, it conducted services according to the same doctrines; that it continued to build other Reformed Dutch churches in the city of Poughkeepsie and still continues to maintain a church " of the denomination of the Reformed Dutch Church in America, which succeeded in authority the Reformed Dutch Church in Holland, and still employs a minister and conducts regular religious services under that denomination, and has at all times employed the income derived from the property described in the said deed from Jacobes Van den Bogert for its religious and charitable purposes under the same denomination." It is then alleged that in the period between 1766 and 1830 the property was improved with various buildings, which were rented for the benefit of the church, and that on or about the 1st day of May, 1830, the church executed various leases, for the term of 100 years, of the whole property involved. It is further alleged that by virtue of statutes passed in 1784 and 1788 (Laws of 1784, chap. 18; Laws

of 1788, chap. 61), which statutes, or parts thereof, are annexed to the answer, the church, through its elders and deacons, became a corporation on November 17, 1789. Power to incorporate is expressly given by said statutes.

The precise question to be determined is whether the deed contained a condition subsequent, for the breach of which the grantor's heirs could assert a right of re-entry, or whether there was merely a conveyance in trust to the four named grantees for the use and benefit of the church, with a direction that the property be put to the use stated. If there was a condition subsequent, it was error to dismiss the complaint, for admittedly the condition was broken, and the allegation that the plaintiffs are the heirs at law of the grantor must, for the purposes of this appeal, be deemed to be true. If, on the other hand, there was not a condition subsequent, but merely a trust, an action in ejectment would not lie, and the plaintiffs have invoked the wrong remedy, if they have any remedy at all. Mr. Justice SEEGER, in a learned opinion, holds that there was not a condition subsequent and that there could, therefore, be no reversion. He says: " The great weight of authority is with the contention of the defendants that the conveyance of 1718 constituted a valid trust for a religious or pious use and that the legal title to the real estate vested in the grantees and the equitable title in the religious society, and that upon the incorporation of the Reformed Dutch Church of Poughkeepsie in 1789, under the statutes of 1784 and 1788, supplemented by the statute of 1801,* the legal title of the trustees was immediately divested from them and vested in the defendant corporation which thereupon stood seized in fee for all purposes with the entire estate, and that the interest of the donor is permanently excluded. And that if the manner in which the property is being used is contrary to the terms of the deed, and that the church corporation must erect a church building upon the premises, instead of maintaining one elsewhere with the income derived from the building, the only remedy is by an action to enforce the trust." (128 Misc. 603.)

It will be noted that nowhere in the deed is the word " condition " used, nor is there a forfeiture clause nor a provision for re-entry after breach. The property is conveyed " absolutely " to the grantees, their heirs, executors and administrators forever, for the " proper and only use benefitt and behoof " of the inhabitants of Poughkeepsie, to build and maintain a meeting house for public worship in accordance with stated requirements, and to maintain a burying ground. There is no express provision that the con-

* See R. A. of 1801, chap. 79; 1 K. & R. 336, chap. 79; Reprint Laws of 1801, chap. 79.— [REP.

tinuance of the estate is to depend upon such building and maintaining.

Conditions subsequent are not favored, and to be upheld they must be clearly impressed. In *Graves* v. *Deterling* (120 N. Y. 447) the question was whether a clause in a deed constituted a condition or a covenant. Construing the deed, the Court of Appeals said: " There is no provision for a forfeiture or re-entry, nor anything from which it can fairly be inferred that the continuance of the estate is to depend upon the supposed condition, yet this is regarded as essential in order to create a condition. (*Lyon* v. *Hersey*, 103 N. Y. 264, 270; *Craig* v. *Wells*, 11 id. 315, 320.) " In *Lyon* v. *Hersey*, RUGER, Ch. J., said: " In the construction of all contracts under which forfeitures are claimed, it is the duty of the court to interpret them strictly in order to avoid such a result, for a forfeiture is not favored in the law. [Citing authorities.] While no particular form of words is necessary to create a limitation or condition, it is yet essential that the intention to create them shall be clearly expressed in some words importing *ex vi termini* that the vesting or continuance of the estate or interest is to depend upon a contingency provided for." In 18 Corpus Juris (at p. 355) it is stated that " A construction holding the language of a deed to create a condition subsequent, however, is not favored, and will not be adopted where it will admit of any other reasonable interpretation." The chief reliance of the appellants is upon *Upington* v. *Corrigan* (151 N. Y. 143). In that case the grantor, a Mrs. Davey, conveyed the premises in 1862 to Archbishop Hughes of New York. The habendum clause read: " To have and to hold the above-granted, bargained and described premises, with the appurtenances, unto the said party of the second part, his heirs and assigns, to his and their own proper use, benefit and behoof, forever. Upon the conditions following, to wit: That said party of the second part shall consecrate, or cause to be consecrated, the said property for the purpose of erecting a church building; and shall, within a reasonable time, erect, or cause to be erected, such building. And reservation is hereby made by said party of the first part to appropriate, at her option, either of the ground under such building, or outside thereof, and within the boundaries of the property hereby conveyed, a sufficient place of interment or burial for her late husband, now deceased, family and self, and to erect a suitable tablet or monument to their memory." The property was not consecrated for the purpose of erecting a church building upon it, nor was a church building erected. An action was commenced in 1891, twenty-nine years

15

after the delivery and execution of the deed, the defendant being Archbishop Corrigan, the original grantee's successor in office. The Court of Appeals held that the deed was upon a condition subsequent and that the condition had been broken. But in that case there was an express condition, the property being conveyed "upon the conditions following," and the performance of the conditions was of particular importance to the grantee. The conditions were that the property should be consecrated for a church, that a church should be built and that within the boundaries of the property, either inside or outside the church building, there should be set apart a place of interment for the grantor's late husband, her family and herself, and for the erection of a suitable tablet or monument to their memory. All this was intimately personal to the grantor, and it was upon condition that her expressed wishes be carried out that she executed and delivered the deed.

In *Freer* v. *Glen Springs Sanitarium Co.* (131 App. Div. 352) the deed contained the following clauses: " And it is hereby mutually understood and agreed that all the above described reservation shall be used for burial or cemetery purposes only    *    *    *. To hold the said lands and premises to the said party of the second part in perpetuity for the purposes and upon the conditions herein expressed and to the successors in office of said Trustees as representatives of the said party of the second part. And the said party of the second part are [*sic*] hereby directed and required as a condition of this conveyance to devote said premises thus conveyed to the purposes of a Cemetery or place for the burial of the dead and to no other purpose    *    *    *." Construing the deed, the Appellate Division, Third Department, said: " If a condition subsequent was intended to be created, a provision for re-entry in case of breach would have made the meaning plain. The absence of such a provision leaves the court to gather from the instrument itself what was the intention and understanding of the parties and what is, therefore, the true construction of the deed. Forfeitures are not favored, and where the terms of a deed without violence can be construed as a covenant, such construction will be adopted rather than the one treating it as a condition subsequent by which the grantor can again obtain the granted property."

From the foregoing it seems clear that the estate conveyed by Van den Bogert was neither an estate upon limitation nor an estate upon condition.

Many of the cases cited by the respondents in support of the claim that the property was conveyed in trust are not in point, for in them express words indicating a trust were used, and the question arising in each was whether, in view of the trust, the

legal title was transferred to the *cestui que trust* upon the creation of the corporation by virtue of the several statutes heretofore referred to.   The decisions held that the legal title was so transferred, and the appellants concede that if in this case a trust was created the church has acquired the legal title.

While there may be some question whether a trust was created, no particular form of words being required to create a trust, and the words " trust or trustee " not being necessary (See *Barry* v. *Lambert,* 98 N. Y. 300; *Hamer* v. *Sidway,* 124 id. 538, 551), still the use of the words " For the proper and only use benefitt and behoof " is indicative of a trust intent.

But whether there was a trust, or a covenant, or whether the words were merely a declaration of the grantor's wish, the fact is that there was no condition subsequent, and that the complaint, setting up a condition subsequent and demanding re-entry because of its breach, did not state facts sufficient to constitute a cause of action.

The orders should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, KAPPER and LAZANSKY, JJ., concur.

Orders granting defendants' motions for judgment on the pleadings affirmed, with ten dollars costs and disbursements to each respondent filing a brief.