Gus A. Anderson, Respondent, v. Lilly Thompson, Individually and as Executrix, etc., of Amanda Anderson, Deceased, and Sylvia Thompson, Appellants.— Judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

Cecilia L. Bordon, as Administratrix, etc., of Helen Lukaszewski, Deceased, Respondent, v. Central Hudson Gas and Electric Corporation, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ.

Frank A. Brockway and C. La Rue Brockway, as Trustees for the Benefit of the Stockholders of the Brockway Brick Company, in Accordance with a Certain Instrument in Writing Bearing Date of 20th Day of December, 1928, Respondents, v. Empire Brick and Supply Corporation, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

Beatrice Clay, Also Known as Beatrice Holsky, and Others, Respondents, v. Austin Louis Brown, as Administrator, etc., of Louisiana Brown, Deceased, Appellant.*— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

Club Coffee Pot, Inc., Respondent, v. Brooklyn Edison Company, Inc., Appellant.— Judgment as resettled reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, on the ground that the verdict of the jury is against the weight of the credible evidence. Appeal from order denying motion for a new trial on the ground of newly-discovered evidence dismissed. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

George Deylen and Foster H. Platt, Respondents, v. Louis Hoffman and Lujosam Syndicate, Inc., Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

Edward G. Fischer, as Ancillary Administrator c. t. a. of the Estate of Sarah F. Barnes, Deceased, Respondent, Appellant, v. Max Lippman and Others, Appellants, Respondents, Impleaded with Others, Defendants.— Order severing alleged causes of action, also striking out the ninth paragraph of the complaint, and directing an amended complaint be served which shall designate the defendant Lea R. Sachs in her capacity as executrix and trustee, modified by denying so much of the motion as is embraced in items " 2 " and " 3," directing the severance into two actions, and as modified, order affirmed, without costs. Under the provisions of the Civil Practice Act (§§ 211, 212) it was proper to join the representatives of the deceased joint tort feasor with the surviving joint tort feasors, and a severance was not required. (See, also, *Mende* v. *Mende*, 218 App. Div. 791.) Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.