ARTHUR ALLEN and Others, Appellants, Respondents, v. THE TRUSTEES OF THE GREAT NECK FREE CHURCH, a Religious Corporation, Commonly Called GREAT NECK FREE CHURCH, and Another, Respondents, Appellants, Impleaded with MARTIN B. SCHENCK, Defendant.

Second Department, February 9, 1934.

*Roy F. Wrigley* [*Joseph B. Cotton, Samuel Brenner* and *I. Joel Komarow* with him on the brief], for the plaintiffs.

*Frederick S. Fisher, Jr.,* for the defendant Trustees of the Great Neck Free Church.

*Glenn C. Beechler* [*Henry M. Bellinger* with him on the brief], for the defendant Great Neck Society for Social and Educational Advancement, Inc.

CARSWELL, J.  Henry Allen's heirs at law bring this action in ejectment against the Trustees of the Great Neck Free Church (hereinafter called " church ") and the Great Neck Society for Social and Educational Advancement, Inc. (hereinafter called " society ").

Allen made a deed on March 23, 1863, to nine named persons, of certain land in Great Neck, Nassau county, for a specified purpose. To carry it out they incorporated as a religious corporation on February 26, 1864, as " The Trustees of the Great Neck Free Church," and conveyed the property to it.  A building was then erected.  The church on January 9, 1932, conveyed the property to the society, incorporated in 1931 as a membership corporation.

The last conveyance awakened the plaintiffs.  They claim the original conveyance was not a grant in fee simple; that it was a base or determinable fee or a fee on condition subsequent; and that a situation arose which terminated the base fee or breached the condition subsequent, and title reverted to them as heirs at law of the original grantor.

Cross-appeals are prosecuted following *inter alia* a denial of plaintiffs' and defendants' cross-motions for judgment on the pleadings.

If the Special Term rightly held the complaint to be sufficient in law, its disposition of the several motions should not be disturbed.  If the complaint be insufficient in law because the Allen instrument conveyed an absolute fee, then defendants' motions for judgment should have been granted.  The parties agree that the effect of that instrument is a question of law.

Certain facts, admitted by these motions, should be stated. The land and the building placed thereon were used for religious worship by groups of the kind described in the Allen deed until 1880 or later.  At that time, because of neighborhood changes, the

church building was used for community and lecture purposes. This continued until January, 1932. To conform the corporate title holder to this kindred use, the society was incorporated in 1931 and a conveyance made to it on January 9, 1932, under court order, by the church.

It thus appears that the property has been used for church and lecture and educational purposes for over seventy years. The desires of the grantor were carried out by his grantees in good faith for a long period of years, through the medium of a religious corporation or church. Then, for reasons stated, a use of the property of a character kindred to the original purpose or use was had for a long period of years.

Henry Allen's heirs now come forward after a lapse of seventy years and seek to regain the property. To do so they must succeed on the strength of their own title — not on the weakness of the title of the defendants. Their title rests on the foregoing, considered in connection with the original grant.

The character of the estate transferred by that instrument must be determined. If it was a base or determinable fee or a fee simple on condition subsequent, the plaintiffs have a *prima facie* case subject to being defeated by the facts alleged by the defendants.

The instrument, Exhibit C of the amended complaint, duly recorded shortly after its execution, reads:

" *Whereas I, Henry Allen* of Great Neck * * * *being desirous that there should be a church in Great Neck where all the* different Evangelical *denominations may have the privilege of worshiping God according to their own modes* of worship and to be called the Free Church of Great Neck.

" Now therefore *for the purpose of* accomplishing and *carrying out such desire I, the said Henry Allen* by this my Indenture made this twenty third day of March One Thousand Eight Hundred and Sixty Three Have given, granted and confirmed and by these presents *do give, grant and confirm unto* Mordecai M. N. Smith [and eight other individuals] * * * *whom I hereby appoint Trustees to receive this title deed* for the within described piece of land on which to erect said Church Buildings said trustees and their successors in office to hold, manage and control the same forever.

"*All that certain piece or lot of land on Great Neck* in the Town of North Hempstead, Queens County and is described as follows: [description containing one acre].

" Together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining. And *all the estate* right title property, claim and demand whatsoever *of him the said Henry Allen in* and to the *said premises* and of in and

to every part and parcel thereof. *Excepting and reserving the trees and fruit* of all kinds growing in the above described piece of land to said Henry Allen during his lifetime. *Also excepting and reserving* out of the above described piece of land sixteen feet square as a *burial plot* for said Henry Allen and his heirs and assigns forever. Said lot to be located * * * [in a described place].

" *To have and to hold all and singular* the premises hereby granted and confirmed or intended so to be with the appurtenances unto the aforesaid trustees and to their successors in office *for the purpose hereinbefore specified forever and for no other purpose whatever* and the said trustees as aforesaid and their successors in office are to make and keep in repair forever all the fence enclosing the land hereby conveyed.

"And the said Henry Allen for himself, his heirs, * * * doth covenant, grant and agree to and with said Trustees aforesaid and their successors in office that * * * the said Henry Allen is the true and lawful owner in fee simple of the above described premises and hath full power and lawful authority to convey the same in manner aforesaid. And that the trustees as aforesaid and their successors in office may at all times hereafter peaceably and quietly occupy possess and enjoy the above granted premises for the purposes above specified *without any let suit trouble molestation or disturbance of the said grantor his heirs or assigns* or any other person or persons lawfully claiming or to claim the same.

" In Witness Whereof I have hereunto set my hand and seal the day and year above written.

" HENRY ALLEN    [L. s.] "

If the italicized portion only be read, the controlling elements become more pronounced.

Certain clauses included and certain language or clauses omitted from the instrument should be noted.

The granting clause, read alone, conveys an absolute fee. It contains no condition or limitation except a provision which excepts and reserves trees and fruit and a small burial plot. An exception and a reservation differ. A reservation takes back something already granted and concerns something issuing out of an estate. An exception concerns a part of an estate and indicates that that contained in it was never granted. (*Blackman* v. *Striker*, 142 N. Y. 555; *Lembeck & Betz Eagle Brewing Co.* v. *Rosenstein*, 168 App. Div. 563, 565.) The distinction is not vital here. The reservation referring to trees and fruit has had effect and has become obsolete; likewise, the exception respecting the small burial plot had and still has effect. No question arises in these respects. These

exceptions or reservations, however, reveal that the grantor, when he wished to except or reserve, used apt language to that end.

The opening paragraph contains an expression of purpose to which the land is to be devoted. It may be considered with like words relating to purpose contained in the habendum clause.

The habendum clause reads: "To have and to hold all and singular the premises * * * for the purpose hereinbefore specified forever and for no other purpose whatever." This language may seem to limit the estate described in the granting clause. Plaintiffs, however, concede that words indicating the purpose of a conveyance *without something more* do not create a condition, and that the non-continuance of the stated purpose will not defeat the estate granted. (*Van De Bogert* v. *Reformed Dutch Church*, 219 App. Div. 220; *Freer* v. *Glen Springs Sanitarium Co.*, 131 id. 352; *Buttery* v. *Rome, W. & O. R. R. Co.*, 14 N. Y. St. Repr. 131.) They insist, however, that the something more is here present, and, therefore, that these cases do not make innocuous the expression of purpose contained in the first paragraph and in the habendum clause. They particularly point to the language, "for the purposes hereinbefore specified, forever, and for no other purpose whatever," in the habendum clause.

The cases go further than plaintiffs concede. In the absence of certain provisions in a deed, where the habendum clause is repugnant to the granting clause, the habendum clause yields. (*Kenney* v. *Wallace*, 24 Hun, 478, 480; *Craig* v. *Wells*, 11 N. Y. 315, 321; *Anderson* v. *Thompson*, 240 App. Div. 770; 18 C. J. 333.)

In the *Kenney* case, referring to the habendum clause, it is said: "Though this was originally, perhaps, used to determine the interest granted, yet it cannot have that effect now, and has degenerated into a mere useless form; it is void if it be repugnant to the estate granted."

In the *Craig* case it was said: "If one conveys land in fee simple, and neither excepts any part nor reserves anything to himself out of it, but restricts the grantee to a particular use of the land, this restriction is void, as repugnant to the proprietary rights of an owner in fee. Such a restriction may be imposed, and would be good as a condition or a covenant, but in no other form."

Cases in other jurisdictions, where courts are seemingly more astute to find a condition subsequent or a base fee than are our courts, may not be followed in view of the New York cases. The words "for the purposes * * * specified, forever, and for no other purpose whatever" have their counterpart in other cases without having the effect, standing alone, of lessening the estate granted.

In the *Freer* case property was granted to be held in perpetuity as a village cemetery. It was provided that the same was to be used ' for the burial of the dead *and to no other purpose* * * * *forever.*" This language was construed by KELLOGG, J., in connection with the other language in the instrument so as not to effect the creation of a condition subsequent.

In the *Buttery* case a deed conveyed a strip to a railroad company. The habendum clause read, " for the uses and purposes of a railroad and for no other purpose." Use of the property for railroad purposes ceased. In view of other language in the instrument and the omission of certain elements, the deed was construed not to create a fee on condition subsequent.

In *Dutch Church in Garden St.* v. *Mott* (7 Paige Ch. 77) a similar result ensued in construing a deed which provided that certain lots should be devoted to certain religious uses " and to no other use or uses whatever."

The above quoted language in the habendum clause, therefore, for the reasons indicated, does not lessen the effect of the language in the granting clause, because the repugnancy must be resolved in favor of the granting clause. A statement respecting use or purpose, where the use or purpose has at the outset been complied with in good faith, does not lessen the estate in the absence of certain characteristic clauses or words or their equivalent which aptly create a base fee or a fee on condition subsequent.

This characteristic language is not present in the instrument here considered. The word " condition " is not mentioned nor are the words usually used to indicate a base fee or a condition subsequent, such as " upon express condition that," or " provided that," or " while," " prior," " as long as," and " during the continuance of." (Reeves Real Prop., p. 1021; *Van De Bogert* v. *Reformed Dutch Church*, 219 App. Div. 220, 224.) These words are not indispensable, but, if they are not used, language meaning the same thing must be found. " But there must be some words, which, *ex vi termini*, import that the vesting or continuance of the estate is to depend upon the supposed condition." (*Craig* v. *Wells, supra*, 320.) Usually, in form or substance, there is a reverter clause such as in *Reformed Dutch Church of Summit* v. *Harder* (34 N. Y. St. Repr. 645). There the grant was for certain purposes " and whenever the said church shall abandon said premises, then this title to cease." This unmistakably terminated the grant upon the breach of the condition.

Likewise, in *Norton* v. *Valentine* (151 App. Div. 392), the grant was for church purposes, and " in case the said land or any part thereof shall be used for any purpose other than as above stated

\* \* \* then and in that case the grant hereby made shall be and become void and the said land shall revert to " the grantor. Here unmistakable language indicates a base or determinable fee.

There are many other instances of language unmistakably stating a condition upon the breach of which the grant terminates, or expressing a condition subsequent, non-compliance with which within a specified time or a reasonable time gives rise to a breach, and also of reverter clauses having the same effect. (*Southwick* v. *N. Y. Christian Missionary Soc.*, 151 App. Div. 116; *Trustees of Union College* v. *City of New York*, 173 N. Y. 38; *Upington* v. *Corrigan*, 151 id. 143; *Leonard* v. *Burr*, 18 id. 96.)

Allen's deed has none of the quoted characteristic words and no counterpart of the provisions in the cases cited, where an estate less than a fee absolute evolved; nor is there, in form or substance, a reverter clause or an indication by the grantor of what should ensue in the event there was not a continued compliance with his desires, which impelled the grant.

Here, as in the *Van De Bogert* case, there is no forfeiture clause nor a provision for re-entry after breach. Here, as there, no words declare that the continuance of the estate is dependent upon maintaining the property to the desired use.

The *Van De Bogert* case in every important particular parallels this case. There are two differences that make for no distinction. In the *Van De Bogert* case a consideration was stated, but here the consideration is implied by the use to which the land was to be put and was put in response to the declaration of desire by the grantor. In the *Van De Bogert* case the words in reference to the use of the property, " forever " and " for no other purpose," do not appear, but their presence in the instrument under consideration calls for no different decision because the omissions noted above preclude the arising of a base fee or a fee on condition subsequent. (*Freer* v. *Glen Springs Sanitarium Co., supra; Buttery* v. *Rome, W. & O. R. R. Co., supra; Dutch Church in Garden St.* v. *Mott, supra.*)

The effect of the absence of a provision for forfeiture or re-entry was considered in *Graves* v. *Deterling* (120 N. Y. 447). It was held that the absence of such provisions makes clear that the continuance of an estate does not depend upon a supposed condition, because the presence of such provisions is essential to create a condition.

In analyzing the Allen deed to ascertain the intent and purpose of the grantor from the provisions included and others omitted, we must do so in accordance with basic doctrine — that forfeitures are not favored in the law nor are conditions subsequent so favored

(*Van De Bogert* v. *Reformed Dutch Church, supra,* 225; *Craig* v. *Wells, supra,* 320); that " conditions are not favored by the law, and hence they must be clearly expressed " (*Craig* v. *Wells, supra,* 320); that a grant is to be construed most favorably to the grantee. (*Blackman* v. *Striker,* 142 N. Y. 555, 560.)

To restrict a grantee to a particular use, it must be done in a manner that " would be good as a condition or a covenant, but in no other form." (*Craig* v. *Wells, supra,* 322.) Here the language of desire may not be given effect repugnant to the granting clause, because the restriction is not imposed in a manner that is " good as a condition or a covenant."

In considering the authorities no distinction has been made between a base or determinable fee or a fee on condition subsequent, because the necessary language to create either is not present in the instrument under consideration. Nor is it necessary to determine whether or not a base or determinable fee is recognized in this State, as distinguished from a fee on condition subsequent, which latter is concerned with a different element in respect of the need of a timely re-entry.

A base or determinable fee or fee on limitation is terminated by the mere happening of the event or breach of the limitation; a re-entry before title divests is not necessary. (4 Kent Comm. [4th ed.] 8.) A fee on condition subsequent is not terminated by the mere breach of the condition. The distinctive difference between these two forms of estate is stated in Reeves on Real Property, volume 1, section 434: " The important, distinctive characteristic of a fee on condition subsequent is that the mere breach of the condition does not in itself defeat nor diminish the estate. It simply gives to the grantor, or his heirs, or their successors in interest, the right to re-enter and take back the property; and this latter act, or its equivalent, must be done before the title of the holder on condition is divested."

Our case law conforms to the American Law Institute Restatement of the Law of Property, Tentative Draft No. 2, March 31, 1930:

§ 65, p. 42. "An estate in fee simple with a condition subsequent is an estate in fee simple which the creator thereof, or his successor in interest, has the privilege and power of terminating if and when an event specified in the creating conveyance occurs. * * *

§ 66, p. 48. " d. * * * an estate in fee simple with a condition subsequent is created by an otherwise effective conveyance which contains:

" 1. Some of the following phrases namely, ' upon express condition that,' or ' upon condition that,' or ' provided that,' or a phrase of like import, and also

" 2. A provision that if the stated event occurs, the conveyor ' may enter and terminate the estate hereby conveyed,' or a phrase of like import."

§ 66, p. 53. " j. *When an otherwise effective conveyance contains a mere statement of the use to which the land conveyed is to be devoted, or, of the use, in consideration of which the conveyance is made, such statement alone is not sufficient to cause the estate created to be an estate in fee simple with a condition subsequent.*"

We conclude that the original grant by Henry Allen conveys a fee simple absolute, and, therefore, the complaint is nsufficient in law, being predicated on the theory that the conveyance was of a base or determinable fee or a fee simple on condition subsequent. Plaintiffs, as heirs at law of Henry Allen, have nothing of which they may avail, as their ancestor retained no reversion or possibility of reverter, created no right of re-entry, and left no estate of any nature in himself at the time he made the grant in 1863.

Accordingly, the order, in so far as it denied defendants' motions for judgment on the pleadings, should be reversed on the law, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs. All other appeals from parts of the order should be dismissed.

Lazansky, P. J., Young, Kapper and Davis, JJ., concur.

Order in so far as it denied defendants' motions for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs. All other appeals from parts of the order are dismissed.