MARY A. B. WAGSTAFF, Plaintiff, *v.* RANDOLPH INGERSOL and Others, Defendants.

Supreme Court, Westchester County, April 10, 1935.

*Winfield L. Morse*, for the plaintiff.

*William G. Given* [*Carl H. Fowler* of counsel], for the defendant Asbury Methodist Episcopal Church of Tarrytown.

*Chrystie & Chrystie* [*Thomas Witter Chrystie* of counsel], for the defendants Maud M. Watson and other heirs.

*Cadwalader, Wickersham & Taft* [*E. Aldrich Kniffen* and *Henry E. Tobey* of counsel], for the defendants Randolph Ingersol and other heirs.

CLOSE, J. On November 20, 1873, John Anderson conveyed the premises involved in this action to St. Paul's Methodist Episcopal Church of North Tarrytown, N. Y. The deed was executed not only by the grantor, but by the grantee, and contained the following covenants and conditions: " In trust, however, that the said premises shall be used, kept and maintained and disposed of as a place of Divine Worship for the use of the ministry and membership of the Methodist Episcopal Church in the United States of America subject to the discipline (*sic*) usage and ministerial appointments of said Church as from time to time authorized and declared by the General Conference of said Church and the annual conference in whose bounds the said premises are situate and subject to the covenants and conditions hereinafter contained."

Then the church " covenants and agrees * * * to erect and cause to be erected and built upon the said premises a Church to be devoted in perpetuity to Divine Worship for the use of the ministry and membership of the said Methodist Episcopal Church," describing the material to be used and referring to plans filed with said John Anderson. The deed then provides that the church " covenants and agrees * * * that no building, shed, stable, or erection of any kind other than the Church to be so erected as aforesaid shall at any time hereafter be raised, constructed or placed upon part of the said premises."

Then comes the reverter clause as follows: " And it is hereby expressly understood and agreed by and between the said parties and these presents and the grant and the conveyance herein contained are made upon the express condition that in case the said party of the second part, its successors or assigns shall fail or decline to erect the said Church upon the said premises in manner and within the period hereinbefore stated and provided or shall fail to perform other than the covenants and conditions herein contained or any or either of them then and in such case the grant and conveyance herein contained shall be void and of no effect and the said land and premises shall revert to and become again the property of the said

John Anderson his heirs and assigns and thereupon the said party of the second part its successors and assigns shall and will upon demand re-convey and re-assure all and singular the premises aforesaid to the said John Anderson his heirs and assigns so as to revert the same absolutely in him or them as fully as if these presents had not been made."

There is no question but what the church was built as provided for in the deed of conveyance, and until about the year 1918 it was used solely as a place of divine worship for members of the Methodist Episcopal Church. In 1924 St. Paul's Methodist Episcopal Church of North Tarrytown, N. Y., and the Asbury Methodist Episcopal Church of Tarrytown, N. Y., combined. According to the agreement of consolidation the name of the new corporation was and is the Asbury Methodist Episcopal Church of Tarrytown and North Tarrytown. This agreement further provided that the new corporation was to carry on its religious activities in the village of Tarrytown, N. Y. At about the same time, proceedings were taken in this court for permission to sell the parsonage owned by St. Paul's Methodist Church of North Tarrytown, N. Y., and in the petition, upon which that proceeding was based, the trustees stated that the church edifice had not been used for holding religious services for more than six years last past, and the court found, in granting permission to sell the parsonage, that the parsonage was unoccupied and that the church edifice had not been used for the holding of religious services for six years last past, and that no pastor was regularly assigned to the church, and pursuant to an order of this court, the parsonage was sold in the year 1924.

In February, 1921, a lease was entered into between St. Paul's Methodist Episcopal Church of North Tarrytown, N. Y., as landlord, and Spencer-Kelly Post No. 267 of the American Legion of Tarrytown, N. Y., as tenant, and the premises involved herein were leased to the tenant for five years from the 1st day of March, 1921, at an annual rental of $600, with the privilege of renewal for five years on the same terms. This lease contained a clause to the effect that if the landlord was able to obtain a release from the covenant in the deed from John Anderson, hereinbefore referred to, that the tenant was to have an option to purchase the property for an agreed price. The lease further provided as follows: " It is also agreed that should the party of the first part [i. e., the landlord] at any time desire to hold a religious service in the church it shall have that right upon such conditions as may be agreed upon between the parties hereto."

The lease provided that the premises " were to be used by the party of the second part as a club room and meeting place."

On February 15, 1931, the same parties entered into another lease which is substantially in the same form as the one executed in 1921, except that it was to be for a term of one year.

John Anderson died November 2, 1881, leaving the plaintiff herein, his granddaughter, as one of his heirs at law, together with numerous other survivors, all of whom were parties defendant. This action was brought for judgment to establish that the plaintiff and the other defendants other than the church are the owners of the premises described in the complaint and entitled to possession thereof. The gist of the complaint is that the building erected upon the premises in question had for many years past not been devoted "in perpetuity to Divine Worship" for the use of the ministry and membership of the said Methodist Episcopal Church, but that the premises have, for many years, been occupied by persons other than the members of the said Methodist Episcopal Church and have been used for various purposes enumerated in the complaint, all of a non-religious use and purpose.

The evidence clearly establishes that this edifice has, during the time it has been leased, been many times devoted to a use far removed from the purposes and intention of the pious grantor. The activities carried on were given wide publicity, and in fact some of the officers and trustees testified that they knew of and protested against this unedifying use by the tenants or its subtenants.

During the time that the tenant occupied these premises, the interior was entirely changed. The pews, altar, altar rail, pulpit, organ and choir loft were removed. A dance floor was laid. In the basement a bowling alley, card table and pool table were installed. The tenant not only used it for the purposes of its own meetings, but subleased it for political rallies, dances, boxing bouts and smokers. One of the affairs was characterized by one of the trustees of the church as "A dirty racket." Beer and liquor was sold on the premises. The property was removed from the exempt class and assessed by the local authorities as other property in the town.

I am of the opinion that the court could take judicial notice that the use to which these premises were put was not the purpose in the mind of the grantor, namely, that the premises were "to be devoted in perpetuity to Divine Worship" for the use of the ministry and membership of the said Methodist Episcopal Church, but in addition to this there is evidence from members of the Methodist Episcopal Church as to the routine services according to the discipline of that church, and I find that no services of that character were held except that there is some evidence that an

occasional religious service was held in the building, but these services were intermittent and when we take into consideration the physical alterations made in the building itself, we must conclude that the condition that " no building * * * of any kind other than a Church * * * shall at any time hereafter * * * be placed upon any part of the said premises " has been violated.

It seems to me that under well-established authorities the covenant solemnly made by the grantee and contained in the deed from John Anderson to the defendant church has not been performed, the conditions imposed broken, the reverter has fallen in and Anderson's heirs are the owners and entitled to possession.

The condition already quoted is a condition subsequent.

In the case of *Trustees of Union College* v. *City of New York* (173 N. Y. 38, 42) the Court of Appeals used the following language which seems to me applicable here: " The whole language, in which the condition is expressed, must be considered and then it becomes quite apparent that the condition of the conveyance, which the grantee accepted, was that a city hall, or building, was to be erected and that, if the land should ever cease to be used for such purposes the land should revert to the grantor. The condition was the use and the continuing use of the land for the purpose of the grant."

To paraphrase the language just quoted and apply it to the instant case, the use and the continuing use of the premises in question here was the use in perpetuity for divine worship and not for the purposes for which it was used by the tenant of the church. (See, also, *Woodworth* v. *Payne*, 74 N. Y. 196; *Southwick* v. *New York Christian M. Society*, 151 App. Div. 116; affd., 211 N. Y. 515.)

I have examined the authorities cited by the defendant, but am constrained to find that they do not apply to the facts as established here. The language used in the deeds under consideration in the various cases cited was not appropriate to create a condition subsequent and a consequent reverter for violation. To quote from the opinion in *Allen* v. *Trustees of Great Neck Free Church* (240 App. Div. 206, 212), cited by the defendant: " Here, as in the *Van De Bogert Case* [*Van De Bogert* v. *Reformed Dutch Church of Poughkeepsie*, 219 App. Div. 220, 225], there is no forfeiture clause nor a provision for re-entry after breach. Here, as there, no words declare that the continuance of the estate is dependent upon maintaining the property to the desired use."

Accordingly, judgment will be granted declaring the plaintiff and the defendants named, other than the Asbury Church of Tarrytown, N. Y., to be the owners of the premises described in the complaint and entitled to possession. No costs will be allowed. Plaintiff's findings will be held. Defendant may submit proposed findings.