In the Matter of the Claim of HAZEL BAUM et al., Respondents, against HERBERT E. WELDEN, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Decision handed down May 10, 1944 [*ante*, p. 1020], corrected to read as follows: Appeal by a noninsured employer from an award of death benefits made by the State Industrial Board to the widow of a deceased employee under the Workmen's Compensation Law. Award reversed, with costs to appellant against the State Industrial Board, and claim dismissed on the ground that the employer was a farmer and the alleged deceased employee was engaged in the performance of labor incidental to the operation of appellant's farm and was, therefore, not engaged in a hazardous employment under the Workmen's Compensation Law. (Workmen's Compensation Law, § 2, subd. 4; § 3, subd. 1, group 18.) All concur, except Heffernan, J., who dissents.

## FOURTH DEPARTMENT, MAY, 1944.

### (May 3, 1944.)

BERTON J. FREEMAN, Plaintiff, v. HARRY C. GROSS, Defendant.—Submitted controversy determined in favor of plaintiff, without costs. First question submitted answered " No ". In view of the answer to the first question the second question not answered. (See *Freer* v. *Glen Springs Sanitarium Co.*, 131 App. Div. 352; *Van De Bogert* v. *Reformed Dutch Church*, 219 App. Div. 220; *Allen* v. *Trustees of Great Neck Free Church*, 240 App. Div. 206, 212, affd. 265 N. Y. 570.) All concur, except Larkin, J., not voting. (Submission of controversy in an action to compel specific performance of a contract for the purchase of real and personal property belonging to plaintiff in the city of Utica.) Present— Cunningham, P. J., Taylor, Dowling, Harris and Larkin, JJ.

JOHN W. BECKER, Respondent, v. PENNSYLVANIA GAS AND ELECTRIC CORPORATION et al., Defendants, and NEW PENN DEVELOPMENT CORPORATION, Defendant-Appellant.—Judgment and orders affirmed, with costs. All concur, except Larkin, J., not voting. (The judgment is for plaintiff in an action for breach of contract. The orders denied defendant-appellant's motion to vacate the judgment on the ground of fraud, or in the alternative, to set aside the verdict and for a new trial on the ground of newly discovered evidence, and denied defendant-appellant's motion for reargument of said motion.) Present — Cunningham, P. J., Dowling, Harris, McCurn and Larkin, JJ.