Per Curiam.

This is an appeal from an order denying appellant’s motion for summary judgment.
The contract out of which this action arose was an assignment of leases on gas and oil producing property made by one Atwater to appellant’s assignor for the benefit of the respondent. This action is denominated “ Action No. 3 ”. A prior suit, *281 denominated “ Action No. 1 ”, was completed in 1944 on this same contract and between the same parties. The sections of this contract of assignment relevant to these two actions are as follows:
“ It is further mutually understood and agreed between the parties that the leases and leasehold estates described in the assignment referred to are subject to the payment of the sum equal to one cent per thousand cubic feet for all gas which shall or may be produced and marketed by the second party therefrom; payments shall be made on the 20th day of each month at the rate provided for gas produced and during the preceding month, to John W. Becker of Bradford, Pennsylvania, and said payments shall continue until such time as the said John W. Becker, his heirs or assigns, shall have received thereby the sum of Fifty-six Thousand Five Hundred ($56,500.00) Dollars, but thereafter said leases and leasehold estates shall be forever freed from this obligation and provided, further, that in the event that oil be discovered, there shall be delivered to the pipline company and to the credit of John W. Becker an equal one-tenth (1/10) part thereof.
“ The second party further agrees with the first party that it will produce and market from wells drilled on the above mentioned leases, assigned by the first party to the second party, as much gas or oil as it shall produce or market from any wells drilled by it, its parent or any company affiliated with it, on the same producing structure, whether such well be wholly or partially owned by such party or corporation, or its parent or affiliated company, if it is possible and so long as it is possible to produce such amount of gas or oil under the same kind and character of operation as that under which such other well or wells on property other than that described in the leases referred to, is produced; or in lieu thereof pay one-half (y2) cent for each one thousand cubic feet of natural gas produced and marketed by it, its parent or affiliated company from the same producing structure during any calendar year in excess of the natural gas produced and marketed by it from the leases hereinabove referred to to John W. Becker of Bradford, Penna., in compliance with the conditions of what certain assignment from the said John W. Becker to the first party herein. Payment therefore to be made within 30 days of the end of any such calendar year.
“ Any and all payments so made to John W. Becker shall be a credit against the total royalty of Fifty-six Thousand Five Hundred ($56,500.00) Dollars which John W. Becker may- be entitled to receive under said assignment. * * * ”
*282 In “ Action No. 1 ”, plaintiff (respondent here) claimed damages in the sum of one-half cent per thousand cubic feet for violation of defendant assignor’s alleged express covenant to produce, if possible, as much gas from the plaintiff’s wells as it did from others, by developing the field and protecting it from exhaustion and drainage. Secondly, plaintiff alleged breach of an implied covenant to develop these leases and produce enough gas to pay plaintiff royalties at the rate of one cent per thousand cubic feet on all gas produced until plaintiff had received a total of $56,500 in royalties. On the trial of “ Action No. 1 ”, at the close of the evidence, which plaintiff claimed to be identical upon both alleged causes of action, plaintiff withdrew' his claim for damages for the alleged breach of the implied covenant. He had judgment for $13,526.29 for the violation of the express covenant, and such judgment was paidi
In this action (“ Action No. 3 ”), respondent now seeks to recover for the alleged violation of the implied covenant, such allegation having been withdrawn from “ Action No. 1 ”. At the time of the trial in “ Action No. 1 ” the alleged breach of both the express and implied covenants had occurred, and damages, if any, had accrued and were ascertainable. Under these circumstances, a plaintiff must demand his whole damage in one action. (Bendernagle v. Cocks, 19 Wend. 207; Pakas v. Hollingshead, 184 N. Y. 211; Goldberg v. Eastern Brewing Co., 136 App. Div. 692; Lessler v. Unger, 186 N. Y. S. 825.)
Whether liability for failure to drill arose out of the so-called “discrimination clause ” in the assignments, or from the implied covenant to do so, implicit in them, that liability was based on the same breach of duty, namely a failure by defendant’s assignor to drill and produce as much gas from plaintiff’s leases as it was economically possible to do. This, of necessity, meant gas that could be sold. Bearing in mind that these agreements were made prior to the completion of the test or discovery well in the Woodhull field, one may be led. to believe that the parties — this plaintiff is a lawyer, and certainly not inexperienced in oil and gas production — intended by the so-called “ discrimination clause ” to measure definitely the damages which might arise through failure of the assignee to drill. The field was a small one with probably about 9,000 acres of productive area. The wells required were expensive, costing many thousands of dollars. If not a producer, each such well would entail considerable loss. The history of the Oriskany sandstone formation in western New York and northern Pennsylvania was and is that it rapidly exhausts. If the foregoing construction is *283 permissible, then the recovery in the first action is a bar to this action.
But even if the foregoing be untenable, then, since both breaches must be deemed to grow out of the same contract, the same liability, and since both breaches had occurred when the first action was brought, plaintiff should be held to the usual rule applicable to such a situation. In his brief filed, in this court, on the appeal in the first action (Becker v. Pennsylvania Gas & Electric Corp., 267 App. Div. 1032), he stated that the nine leases surrendered were worthless at the time defendant’s assignor surrendered them due to reduction in the rock pressure of the field. Consequently when reassigned, if there had been, as to them, any breach of duty to drill, it was, then, existent.
The order should be reversed on the law, with costs and the motion for summary judgment granted, with $10 costs.
All concur. Present — Taylob, P. J., Dowlixg, McCubx, Laekix and Love, JJ.
Order reversed on the law, with costs and motion for summary judgment granted, with $10 costs.