Marcus G. Christ, J.
This is an action under article 15 of the Beal Property Law in which the plaintiff prays for a judgment declaring it to be the owner in fee simple, free from any condition precedent or condition subsequent, of a 50 ft. x 100 ft. plot in the Incorporated Village of Bockyille Centre, located on the easterly side of Clinton Avenue, with its southerly line 102 feet northerly from Front Street.
*209 The evidence shows that a public spirited citizen, John Lyon, who was also an outstanding member of the Nassau County Bar for many years, conveyed to the plaintiff, as a gift, the premises in question by deed dated October 16,1911.
The deed provided in part:
1 ‘ That the said party of the first part * * * does hereby grant, bargain, sell and release unto the said party of the second part, and its successor in office forever, all that certain plot * * * * ”, etc.
‘ ‘ Together with the privilege and right in perpetuity to pass and repass over a strip of land ten (10) feet in width adjoining the above described premises on the northerly side thereof and extending from Clinton Avenue on the west to the rear of the above described premises.
“ To have and to hold the above granted premises unto the said party of the second part, and its successor in office, for public library purposes forever.”
The property has been used for library purposes since shortly after the conveyance — a building having been erected thereon through the generosity of Andrew Carnegie in furnishing $10,000 for that purpose.
The questions to be decided are: (1) Was the conveyance to the plaintiff subject to a condition that the property would only be used for library purposes? and (2) was the easement granted in the 10-foot strip along the northerly border subject to termination upon the discontinuance of the use of the property for library purposes ?
The answer to the first question is in the negative — the property was not conveyed subject to any condition. It is well-settled law that before a condition will be found to exist the deed must contain “ certain characteristic clauses or words or their equivalent which aptly create a base fee or a fee on condition subsequent” (Allen v. Trustees of Great Neck Free Church, 240 App. Div. 206, 211, affd. 265 N. Y. 570). The words “ condition ”, “upon express condition that”, “provided that”, “ while ”, “ prior ”, “as long as ”, which are usually used to indicate a condition subsequent, are absent. Also, the deed does not contain a reverter clause nor a provision for re-entry after a breach of the condition. The situation is very similar to that revealed in the Allen case {supra). There a grant was made of land to trustees and their successors in office for church purposes forever ‘ ‘ and for no other purpose whatever ’ ’, and yet the appellate courts held that an absolute fee was conveyed. Here, too, the same holding will be made. It may be *210 presumed, also, that John Lyon, who was an outstanding lawyer, was familiar with the necessity for phrases or expressions such as quoted above to create a condition subsequent.
With respect to the easement in the 10-foot strip bordering the subject premises on the north, the court holds that the easement was appurtenant to the premises conveyed, that it is not subject to termination if the use of the property for library purposes be discontinued in the future. The privilege to “ pass and repass ” over the strip was given in perpetuity. This was not an easement in gross. Here, the easement was for the benefit of the dominant estate, the dominant estate was an absolute conveyance, and, therefore, it must follow that as the easement was clearly appurtenant to the dominant estate it may be conveyed with said estate.
In addition to the foregoing determination of the principal questions involved, the court holds that this action under article 15 of the Real Property Law is properly maintainable, and that if the plaintiff sells and conveys the subject premises in the future, the proceeds thereof will be held and used for public library purposes.
The plaintiff’s motion for judgment for the relief demanded in the complaint is granted, subject to the provision that the proceeds of a sale, if any, be devoted to library purposes.
As provided in section 440 of the Civil Practice Act, this memorandum constitutes the decision of the court.
No costs. Submit judgment on notice.