■ In the Matter of JAMES BARLOW, Petitioner, v CHARLES SOLOMON et al., Respondents. [10 NYS3d 435]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements.

■ EDITH WIENER, Appellant, v LAURA SPAHN, Respondent. [10 NYS3d 436]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 17, 2013, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the first through third causes of action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 7, 2014, which denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

Since the parties' mother's will contains no language indicating that noncompliance with the terms of paragraph seven will result in forfeiture of a bequest thereunder, the first cause of action, which seeks forfeiture of all bequests defendant received under paragraph seven, fails to state a cause of action (*Allen v Trustees of Great Neck Free Church*, 240 App Div 206 [2d Dept 1934], *affd* 265 NY 570 [1934]).

The second cause of action, which arises from defendant's attempt to sell her interests in two Bronx properties in breach of the terms of the will, and the third cause of action pertaining to all the partnership interests, are barred by the doctrine of res judicata. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.

The decision and order of this Court entered herein on December 4, 2014 (123 AD3d 448 [2014]) is hereby recalled and vacated (*see* 2015 NY Slip Op 76541[U] [2015] [decided simultaneously herewith]).