Paul Smith's Coll. of Arts & Sciences v Roman Catholic Diocese of Ogdensburg (2020 NY Slip Op 05012)





Paul Smith's Coll. of Arts & Sciences v Roman Catholic Diocese of Ogdensburg


2020 NY Slip Op 05012


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

530141

[*1]Paul Smith's College of Arts and Sciences, Appellant,
v
Roman Catholic Diocese of Ogdensburg, Respondent.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Stafford, Owens, Piller, Murnane, Kelleher & Trombley, PLLC, Plattsburgh (William L. Owens of counsel) and Whiteman Ostermann & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for appellant.
Schwerzmann & Wise, PC, Watertown (Keith B. Caughlin of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Ellis, J.), entered March 15, 2019 in Franklin County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
In 1896, the president of the Paul Smith's Hotel Company (hereinafter the Hotel Company) — Apollos "Paul" Smith — executed a deed by which the Hotel Company transferred property in Franklin County to the Bishop of Ogdensburg in trust for a Catholic congregation within defendant. The deed stated that the property was to be used "[a]s and for [c]hurch purposes only, . . . and in case the said premises shall be devoted to any other use than for [c]hurch purposes, . . . this conveyance shall be void and the parties of the first part shall have the right to re-enter and take possession of said premises and every part thereof." Shortly thereafter, St. Gabriel the Archangel Catholic Church (hereinafter the church) was erected on the property. The last surviving son of Apollos Smith, Phelps Smith, died in 1937. His will directed the creation of plaintiff as an entity and the transfer of the Hotel Company's assets to plaintiff. The parties stipulated that this transfer included a deed later recorded in 1963, which transferred to plaintiff, as pertinent here, "rights of way, easements, reversionary rights, [and] rights of reentry" held by the Hotel Company.
In 2015, the Bishop of Ogdensburg issued a decree that relegated the property "to profane but not sordid use," and directed the removal of sacred objects. Plaintiff placed no-trespassing signs on the property in 2017, and thereafter commenced this RPAPL article 15 action seeking a determination that it owned the subject property in fee simple. Defendant answered and counterclaimed that it owned the property in fee simple. Upon the parties' joint stipulation of facts, defendant moved for summary judgment dismissing the complaint and seeking judgment upon its counterclaim, and plaintiff cross-moved for summary judgment in its favor. Supreme Court found that the Hotel Company had conveyed to defendant a fee simple subject to a condition subsequent and had reserved a right of reentry, but that right of reentry had been extinguished by the attempted transfer in the 1963 deed. Thus, the court granted defendant's motion in its entirety and denied plaintiff's cross motion, dismissing plaintiff's complaint and holding that defendant was the lawful owner of the property. Plaintiff appeals.
The main issue upon appeal is what interest, if any, remains in the Hotel Company as a result of the provision in the 1896 deed limiting defendant's use of the property to "[c]hurch purposes only." Plaintiff contends that, under the 1896 deed, the Hotel Company and its successors retained a possibility of reverter, while defendant, as Supreme Court found, asserts that the conveyance to defendant was subject to a condition subsequent with a right of reentry,[FN1] which was later extinguished in the attempted transfer to plaintiff in 1963.
At common law, the legal effect of these two interests provided different outcomes. With a fee on limitation subject to a possibility of reverter, "the grantor retain[ed] a right to regain the fee upon the happening of an event; [the grantor] regain[ed] it automatically" (Fausett v Guisewhite, 16 AD2d 82, 86 [1962]; see Allen v Trustees of Great Neck Free Church, 240 App Div 206, 213 [1934], affd 265 NY 570 [1934]; see generally EPTL 6-4.5). Conversely, with fees taken subject to a condition subsequent with a right of reentry, a grantee's failure to perform the condition subsequent did not divest the interest from the grantee, but rather required the grantor to act upon the breach by re-entering the property (see Nicoll v New York & Erie R.R. Co., 12 NY 121, 131 [1854]; see also Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 6-1.1 at 7; see generally EPTL 6-4.6).
Supreme Court did not find the 1896 conveyance to be ambiguous and focused its analysis on the clause stating that "the parties of the first part shall have the right to re-enter and take possession." However, as plaintiff argues, the court did not address the first part of the provision, which clearly states that the transfer would be "void" should the property be used for purposes other than church purposes. Here, the term "void" — which precedes the right to re-enter language — is distinguishable from the term "voidable." Fees taken subject to a condition subsequent are, by their nature, voidable, as only the grantor, upon the grantee's failure to meet the condition, can exercise the option to terminate the grantee's interest, chiefly by re-entering the property; the interest remains with the grantee until this act by the grantor occurs, if ever (see Nicoll v New York & Erie R.R. Co., 12 NY at 131; see also Upington v Corrigan, 151 NY 143, 148 [1896]; Allen v Trustees of Great Neck Free Church, 240 App Div at 213). In reading the entire provision to construe the intent of the parties (see 328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d 372, 381 [2007]), we instead find that the Hotel Company conveyed a fee on limitation and retained a possibility of reverter, which "automatic[ally] forfeit[ed] . . . the estate" if defendant breached the limitation to use the property for church purposes (NJCB SPEC-1, LLC v Budnik, 161 AD3d 885, 887 [2018]). This interpretation is further supported by the language in the 1896 deed indicating that the Hotel Company "shall have the right to re-enter" (emphasis added) and take possession — a conveyance which does not include permissive language (compare Fausett v Guisewhite, 16 AD2d at 87 [indicating that certain language "and also a provision that if the event occurs the conveyor may enter and terminate the estate" creates a fee simple subject to a condition subsequent (emphasis added)]; Allen v Trustees of Great Neck Free Church, 240 App Div at 213-214 [citing Restatement provisions, which indicate that a fee simple subject to a condition subsequent is created by certain language and "[a] provision that if the stated event occurs, the conveyor may enter and terminate the estate" (internal quotation marks and citations omitted; emphasis added)]). Accordingly, we reverse Supreme Court's denial of plaintiff's cross motion for summary judgment and the grant of defendant's motion dismissing plaintiff's complaint.
Similarly, Supreme Court's decision as to the transferability of the interest held by the Hotel Company must also be reversed. A right of reentry, at common law, was "unassignable, undevisable and undescendible before or after breach of condition" (United Methodist Church in W. Sand Lake v Dobbins, 48 AD2d 485, 486 [1975] [internal quotation marks and citations omitted]; see Stonegate Family Holdings, Inc. v Revolutionary Trails, Inc., Boy Scouts of Am., 73 AD3d 1257, 1259-1260 [2010], lv denied 15 NY3d 715 [2010]).[FN2] However, a possibility of reverter has no such restriction and is freely alienable (see Fausett v Guisewhite, 16 AD2d at 86). Here, the 1963 deed "did not invalidate the possibility of reverter" held by the Hotel Company and properly passed the interest to plaintiff (NJCB SPEC-1, LLC v Budnik, 161 AD3d at 888).
As plaintiff still held a possibility of reverter, resolution of the RPAPL article 15 action hinges upon whether defendant violated the limitation restricting the use of the property to church purposes. The parties' joint stipulation of facts includes the 2015 decree from the Bishop of Ogdensburg that relegated the church "to profane but not sordid use," and indicated that parishioners would be served by a nearby parish.[FN3] The stained-glass windows and the altar were later removed, leaving only the pews. Under the canon law of the Roman Catholic Church, "if a church cannot be used in any way for divine worship and there is no possibility of repairing it," it can be relegated to profane but not sordid use (Roman Catholic Bishop of Springfield v City of Springfield, 760 F Supp 2d 172, 177 n 2 [2011] [internal quotation marks, brackets and citation omitted], affd in part and vacated in part 724 F3d 78 [2013]). "Profane use means use for purposes other than a Roman Catholic worship service," and "sordid" limits that use, prohibiting any use that is disrespectful to the Catholic Church (id. [internal quotation marks and citation omitted]). Contrary to defendant's contentions, we find that defendant's use of the property for church purposes ceased pursuant to the 2015 decree, thus violating the limitation in the 1896 deed. Accordingly, it reverted to plaintiff, which now owns the property in fee simple.
As a final matter, defendant claims that, should plaintiff hold a right of reentry as a successor of the Hotel Company, plaintiff should be directed to destroy the church, at its own expense, to avoid unjust enrichment. We find this claim unpersuasive. Unless otherwise stated in a deed, a structure is a fixture that passes with the property (see Jackson v State of New York, 213 NY 34, 36 [1914]). Here, defendant took possession of the property and erected and enjoyed full use of the church for well over a century, fully aware of the limitation contained in the 1896 deed to use the property only for such purpose; upon ceasing to so use it, the property reverted in fee simple to plaintiff, together with the fixtures thereon.
Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, defendant's motion denied, plaintiff's cross motion granted, and it is declared that plaintiff is the owner in fee simple of the subject property.



Footnotes

Footnote 1: The right of reentry is now called the right of reacquisition (see Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 6-4.6 at 94; see generally EPTL 6-4.6).

Footnote 2: The common law applies here; however, it should be noted that the governing statute now in effect renders rights of reentry descendible, devisable and alienable (see EPTL 6-5.1).

Footnote 3: The 2015 decree further indicated that the church "remained largely unused" since 2002, when it was designated as an oratory. Following this designation, the Bishop extended the territory of St. John in the Wilderness to include the church. Later, in 2016, St. John in the Wilderness merged — upon approval by Supreme Court — with three other churches.