WILLARD and MORSE, Js., also read dissenting opinions.

Judgment reversed.

## MARTIN *against* GAGE.

An executor, cited to account before a surrogate, may avail himself of the statute of limitations in bar of any claim presented against the estate, in the same manner as in a suit at law or in equity upon such claim.

A devise of real estate to an executor for the payment of debts generally, not specifying particular debts, or a power in trust given to an executor for that purpose, does not prevent the running of the statute of limitations against debts which were due prior to the decease of the testator.

The presumption of payment, arising under the statute of limitations, from lapse of time, is not that the payment was made at the expiration of the time fixed by the statute as a bar, but at some prior indefinite time, or when the obligation became due.

ON the 22d of March, 1839, Martin Gage made his promissory note for $974.15, payable to John Martin (the appellant in this case) one day after date. In July, 1839, he made his will, appointing his brother, Samuel G. Gage (the respondent), and two other persons executors, giving them authority, for and towards the performance of his will with all convenient speed after his decease or at such times as they should deem proper, to sell and dispose of so much of his personal estate as they should think advantageous, retaining so much thereof as they should see fit for the use of the family and for farming purposes; also to bargain, sell and alien, in fee simple, all or so much of his real estate, and at such time or times, as they should deem best, for the benefit of his heirs or the payment of his debts. He also directed that his five minor children should

Martin *against* Gage.

be supported and educated, during their minority, by the executors from the avails of the estate after the payment of debts; that a sufficient sum should be put at use to secure a permanent support to his widow during her widowhood, and the residue, after payment of debts, legacies and expenses, was given to the five children when the youngest should arrive at full age.

Martin Gage died in July, 1841. His will was proved as a will of both real and personal estate before the surrogate of the county of Yates, and letters testamentary thereon issued, to the respondent only, on the twenty-ninth of that month, one of the other executors named in the will having died and the other renouncing its execution.

In September, 1848, John Martin presented his petition to the surrogate, claiming to be a creditor of the estate as the holder of the note above mentioned, and praying that the executor be required to render an account of his proceedings. The executor, having been cited for that purpose, appeared and answered the petition, denying that the petitioner was a creditor of the estate, and pleading the statute of limitations of seven years and a half (six years with the addition of eighteen months on account of the intervening death of the debtor) in bar of the alleged claim.

In January, 1849, the surrogate made an order requiring the executor to render an account in pursuance of the prayer of the petition. That order was reversed on appeal to the supreme court in the seventh district, and from such reversal the petitioner has appealed to this court.

*S. A. Foot* for the appellant.

*H. R. Selden* for the respondent.

GARDINER, J. Martin Gage made his promissory note for $974.15 in favor of the appellant, and died in July, 1841, a little more than two years after the time when the

note matured. By his will he authorized his executors to sell so much of his personal property as they might deem proper, and "all or so much of his real estate as they should deem best for the benefit of his heirs or for the payment of his debts." By a subsequent clause he directed a division of the residue of his real and personal estate (after the payment of his debts and legacies) among his children. In September, 1848, the plaintiff, as a creditor of the estate, presented his petition to the surrogate; the executor interposed a plea of the statute of limitations, and the question is, whether the bar is avoided by the provisions of the will above quoted. The question does not appear to have been directly decided in this state. In England, in *Burke* v. *Jones* (2 *Ves. & Beames*, 275), it was held that a devise of real estate in trust to pay the "just debts" of the testator did not revive a debt upon which the statute had taken effect before his death. It was, however, assumed in that case by the vice-chancellor, on the authority of Lord REDESDALE, in *Executors of Fergus* v. *Gore* (1 *Sch. & Lef.*, 107), that a debt not barred by the statute at the death of the testator would be continued by such trust and not affected subsequently by lapse of time. This opinion was referred to with approbation by Chancellor KENT, in *Roosevelt* v. *Mark* (6 *John. Ch. R.*, 294), and by Chief Justice SAVAGE, in *Rogers* v. *Rogers* (3 *Wend.*, 518). But in each of those cases the judges were contending against the rule once supposed to prevail in England, that a devise in trust of real estate for the payment of debts revived a debt barred in the lifetime of the testator. The particular question presented in this case was not before them, and the reason assigned by the vice-chancellor, in *Burke* v. *Jones*, would seem to be as applicable to a debt as to which the statute had commenced running, as to one barred before the death of the devisor. In either case it becomes a question of intention. If the testator designated a particular demand and made provision for its payment, this would revive it,

although the statute had taken effect at the making of the will. So of a particular class of debts. But in *Burke* v. *Jones*, and in the cases in this state above cited, it was determined that the phrase "just debts" did not include demands as to which the statute had taken effect at the death of the testator. " His meaning (says the vice-chancellor) must be taken to be only what shall turn out to be his just debts." * * * " The plain line is, that the testator intended the courts of law and equity to determine what are just debts, leaving his executors at liberty to use all means of resistance prescribed or allowed by law." (2 *Ves. & Beames*, 290.) The fair, if not inevitable result of this reasoning is, that the intention of the testator is to be ascertained by the ordinary rules of construction; that the phrase "just debts " does not identify any particular debt or class of debts. It follows that the idea of acknowledgment suggested by Lord REDESDALE is fallacious. The testator does not say that " the debts for which I am *prima facie* liable at my death, or at the making of my will, or at any other time, shall be discharged from the trust fund;" but he does in effect say that " those debts which shall turn out to be just, according to the determination of courts of law and equity, leaving my executors at liberty to use all means of resistance, shall be discharged." The validity of the demand is to be ascertained when the investigation and determination are made, and not according to the evidence existing when the will was made or when it took effect. The position that the executor is at liberty to avail himself of all means of resistance proves, I think, that the testator must refer to the evidence existing when the demand is attempted to be enforced. The idea of the English courts is, that the lapse of time prescribed by the statute affords a presumption of payment. The presumption may arise before or after the death of the testator. Directions in the will to pay debts, or even a trust of personal property for that purpose, will not avoid

the presumption, although arising after the death of the testator. Viewed as an acknowledgment, however, a direction of this kind, whether in a trust of personal or real property, must have the same effect. When the statute has commenced running during the life of the supposed debtor, and has taken effect after his death, the presumption arising from lapse of time is not that the debt was paid or discharged at the expiration of the six years, but at some prior and indefinite period. That period may, with more probability, be supposed to have occurred in the lifetime of the debtor and when the debt matured than at any other time ; and consequently the assumption that the demand is just, because not barred by the statute at the death of the testator, is purely gratuitous. The lapse of time is but the evidence of the preëxisting fact of a discharge of the debt.

It has been said that by the devise a trust is created, and it becomes the duty of the trustee to pay, and his neglect shall not prejudice the creditor. It may be answered that it was the duty of the testator to pay, and the law imposes the same obligation upon his personal representatives after his death, constituting them trustees of his estate for that very purpose. Yet in either case the statute is a good bar, the existence of the duty to the contrary notwithstanding. The executor has the same means of ascertaining what are the real debts of the decedent, as when acting as trustee under a general trust of this description. But, in truth, the reason suggested above, like all the others in favor of the continuance of the debt, assumes its existence and validity, although past due at the death of the testator, unless the statute has attached. This is the very point to be proved. The law was intended to quicken the diligence of the creditor, and to protect the debtor and his estate against a possible loss of evidence; and both reasons are as applicable to a trust for the payment of debts generally, as to one established by statute for the same purpose or to the original obligation of the decedent.

It is rather a violent presumption, that a trustee will take more care of the vouchers belonging to the fund with which he is intrusted than of his own. I am unable, therefore, to see the force of the distinction put forth in the cases referred to, and am of opinion that the statute is available as a bar in all cases where the debt is over due at the death of the testator, whether the statute has or has not at that time taken effect. It is unnecessary, therefore, to consider whether a trust of real estate or a power in trust is given by this will to the executor, or whether, so far as this question is concerned, there is any distinction between the two. The judgment of the supreme court should be affirmed.

WILLARD, J., dissented.

RUGGLES, Ch. J., and DENIO, J., gave no opinion.

Judges JOHNSON, MASON, MORSE and TAGGART, concurred in the opinion of GARDINER, J.

Judgment affirmed.