DONALD RICE et al., Constituting the Board of Trustees of Ripley Central School District No. 1, Town of Ripley, Plaintiffs, *v.* HAROLD CALDWELL, Defendant.

Supreme Court, Trial Term, Chautauqua County, October 22, 1951.

*Robert N. Palmer* for plaintiffs.

*John Leo Sullivan* for defendant.

WARD, J. This is an action by the board of trustees of Ripley Central School District No. 1 against the defendant to recover the possession from the latter of certain real property located in the town of Ripley, Chautauqua County, New York, described as follows:

" All that certain piece or parcel of land in Ripley aforesaid being part of Lot No. 4 of the third Township and fifteenth Range of the Holland purchase bounded as follows, viz:

" Beginning at a post in the east bounds of Lot No. 3 and in the southwesterly corner of the farm on which the said Lydia Averill now resides. Thence north twenty seven and three fourths degrees west bounding on lot No. 3 two hundred and ninety seven feet to a post. Thence north fifty eight degrees east parallel to said Lydia's southerly bounds seventy three feet to a post. Thence south twenty seven and three fourths degrees east parallel to the west bounds of said lot No. 4 two hundred ninety seven feet to said Lydia's south bounds and thence south fifty eight degrees west seventy three feet to the place of beginning."

It was tried before the court after a jury had been waived by all parties.

The court finds from the evidence the following facts: The board of trustees of the Ripley Central School District, the plaintiff, as organized in 1938, included the territory covered by several existing common school districts, among which was District No. 4. Prior to that date, a schoolhouse had been maintained by District No. 4 on the land involved herein, title to which land had been vested in preceding trustees of the district, and their successors in office, by a deed recorded on April 30, 1842, in Liber 33 of Deeds, page 337, in the Chautauqua County Clerk's office. The deed conveyed to the then incumbent trustees of District No. 4 certain land now in question but contained a condition that the land was to be used and occupied only as a site for a schoolhouse and for no other purpose, and that when it ceased to be so used, the trustees would " peaceably deliver the said land and premises to the said Lydia, her heirs or assigns ", Lydia being one of the grantors. The land so conveyed was used as a school site by the district until the organization of the central school district, at which time the schoolhouse ceased to be used for the instruction of pupils. The plaintiffs,

however, continued in possession and permitted it to be used by a unit of the home bureau.

In April, 1950, the defendant, who is the transferee by mesne conveyances of a farm, of which the subject land was a part, and which was owned by the original grantors, took possession of the schoolhouse and excluded the plaintiff and those using the building with the plaintiff's consent. The defendant is not an heir at law of the original grantors, nor is he an assignee of the possibility of reversion retained by the original grantors in the afore-mentioned deed. The defendant's possession has continued to this date and it is to eject him that this action has been brought by the plaintiff herein.

Before a consideration of the merits of the questions involved, it is necessary to determine whether the plaintiff is the real party in interest so that it may properly bring this action under section 210 of the Civil Practice Act.

In order to determine this, it is necessary to consider the applicable provisions of the Education Law. Prior to centralization, the land and schoolhouse in question were held by the board of trustees of District No. 4 as a body corporate. (Education Law, §§ 1601, 1603.) It should be pointed out the plaintiff board is also constituted a body corporate by sections 1804 and 1701. (*Schoen* v. *Board of Educ., Cambridge Central School Dist.*, 274 App. Div. 682 [3d dept., 1949].) Upon the creation of Ripley Central School District No. 1 in 1938, the board of education, the plaintiff herein, was vested with the same powers and duties as a board of education in a Union Free School District. (Education Law, § 1804.) That section, however, specifically provides that nothing contained therein shall be construed to deprive any existing school district of property belonging to it. There is further included in that section a provision that the board of education of a central district shall not sell or otherwise dispose of the property of any existing district, except with the approval of a majority of the qualified voters of such existing district present and voting upon the question at a meeting of such voters duly called by such board of education. Section 1805 thereafter provides that all central school districts shall have the same powers and are subject to the same limitations as conferred or imposed by law upon union free school districts with an exception not here applicable. The same section states that the district officers of existing districts shall remain in office until August first next following the organization of such central school district for certain purposes therein set forth.

To determine the exact powers and duties of the plaintiff herein, it is necessary to refer to the powers and duties of a board of education of a union free school district which are set forth in sections 1709 and 1710 of the Education Law. By the former, it is given *inter alia* the power to take charge and possession of the schoolhouses, sites and other property, with the title to such being vested in the board of education (subd. 9) and the power to operate the school facilities (subd. 6). They are further given by section 1710 the same powers and privileges and are subject to the same duties as trustees of common school districts not otherwise provided or inconsistent. This provision does not add to the powers for the purposes of the case at bar. (See Education Law, § 1604.)

A consideration of the foregoing sections leads to the conclusion that by the organization of the central school district the plaintiff now stands in the shoes of the board of trustees of District No. 4, as far as exercising control over the schoolhouse and site in question as limited by the provisions already discussed. Upon centralization the board of trustees of District No. 4 ceased to exist as a body corporate except for the limited time and purposes. As such the plaintiff is the real party in interest and may bring this action. It is not the intention of this court to determine any rights in the subject property as between the plaintiff and the pre-existing District No. 4. It is sufficient for purposes of the question here presented to find that the Education Law has placed the plaintiff in the position of the board of trustees of District No. 4, the conditional fee holder, for purposing of exercising the powers vested in it by the Education Law over the land and schoolhouse in question. In that respect, plaintiff is clearly the real party in interest under section 210 of the Civil Practice Act.

Since the plaintiff may properly bring this action, we may next turn to the merits. The complaint herein originally sought a determination that the plaintiff is the owner in fee of the land in question and sought damages for the withholding of the possession of that land by the defendant. By amendment made during trial, the complaint was amended by the plaintiff to seek only the recovery of possession of the premises from the defendant. The defendant, however, seeks to defeat the plaintiff's right for relief on the basis that the plaintiff's title has been cut off by the happening of the condition to which the fee of the board of trustees of District No. 4 was subject, i.e., that the property is no longer being used for school purposes. In effect, the defendant seeks to set up an outstanding title in others. This

he cannot do. (*People* v. *La Pairie,* 169 App. Div. 347 [3d dept., 1915].) Having acquired naked possession by ouster, the defendant seeks to show the defect in title of the plaintiff who was legally in prior possession. He does this without connecting himself with any claim of title. His only connection with the land in question is that he is the transferee by mesne conveyances of the farm owned by the original grantors out of which the land in question was set apart. There is no question that the plaintiff was in prior possession and was ousted by the unauthorized action of the defendant. The plaintiff stands in the place of the possessors of a conditional fee and is entitled to possession until, upon the breach of the condition in the deed, the fee is terminated by the action of the holders of the reversionary interest vested in the heirs at law or transferees of the original grantors. The defendant herein claims to be and is, in fact, neither. In view of the above, it is unnecessary to consider in this action the question whether a breach of the condition contained in the original deed has actually occurred. Even if it has, the defendant herein may not depend upon that breach. (*Deering* v. *Reilly,* 167 N. Y. 184 [1901].)

The plaintiff is therefore entitled to judgment after trial on the merits in its favor and against the defendant that the possession of the premises hereinbefore mentioned be restored to the plaintiff and that the defendant, his agents, servants, employees and any and all persons claiming title or possession or any right of possession under, by, or through the said defendant, be excluded from the possession of said premises, and that within ten days he be ejected from the premises hereinbefore mentioned, by the Sheriff of Chautauqua County or any of his deputies.

Plaintiff may further recover the costs of this action and its disbursements, to be taxed against the defendant by the clerk of this court and said clerk is hereby directed to enter judgment in accordance with the above.