John C. Wheeler, Off. Ref.
Plaintiffs in this action are seeking a determination that they are the owners in fee of a one-quarter acre of land, together with the buildings thereon, situate in the Town of Cameron, Steuben County, and formerly used as a district school by District Number Ten in said town.
The essential facts are not in dispute and are found as follows:
By quitclaim deed dated November 1, 1839 and recorded in Steuben County Clerk’s office March 16, 1954 Masterton Ure and John Gordon (commonly known as the Pulteney Estate) conveyed to the named trustees of said District Number Ten, “ and to their successors forever, all the estate, right, title and interest ” in and to the said quarter acre of land described in the complaint. In the habendum clause, which appears to be the crux of this litigation, the following appears: “ To have and to hold the said piece or parcel of land with the appurtenances, unto the said parties of the second part, and their successors to the only proper use and behoof of the said parties of the second part and their successors forever, upon the special trust and confidence, and for the special intent and purpose, never- *882 the-less, that the said lot of land and premises shall forever hereafter be used, occupied, possessed and enjoyed as a school lot, for the use of said District Number Ten.”
The land so conveyed has been used as a schoolhouse site by said District Number Ten for over 100 years and until the formation of the Central School District Number Two, the defendant herein, which includes various school districts in Steuben County, among which is said District Number Ten in the Town of Cameron. Thereafter the former District Number Ten (also known as the Gulf School) ceased to be used for school purposes, and pursuant to a motion duly made and carried at a special meeting of said district, held on August 18, 1956, at which both plaintiffs participated and voted with a majority, it was in fact discontinued as a district common school. The improvements upon said land consist of a schoolhouse, which was attached to the land on a concrete and stone foundation, and a garage.
The plaintiffs assert that they are the owners in fee of a 25-acre tract of land in said town, which includes the schoolhouse lot in question.
Subsequent to the 1839 deed to District Number Ten, and on May 1,1854, the same grantors (Pulteney Estate) conveyed land, including said 25 acres now alleged to be owned by the plaintiffs, to one Elisha Hotten, but the deed failed to make any exception or reference whatsoever to the former conveyance to the school district. By deed dated and recorded October 30, 1857 Hotten conveyed to one Overton the 25-acre parcel in question, “ except one-fourth acre formerly deeded to the School District.” Thereafter and through mesne conveyances, the plaintiffs became the record owners of the said 25-acre plot, included in which is the said school lot. Plaintiffs’ deed is dated April 26, 1955 and is made “ subject, however, to the grant of one-fourth of an acre heretofore granted to the School District for the schoolhouse lot.” The various deeds in the chain of title from Overton in 1857 to plaintiffs in 1955 recite that the respective conveyances are subject to the grant to the school district.
The plaintiffs now refer to the 1839 deed to the school district as a “ Power in Trust” for the benefit of the taxpayers of the district, and assert that upon the discontinuance of the school, the power in trust ceased and became extinguished by operation of law, and, therefore, plaintiffs’ lands are no longer subject to the trust. Thus it becomes necessary to judicially interpret the intent and legal effect of the habendum clause in the 1839 deed, which provides that the land 1 ‘ shall forever be used, *883 occupied, possessed and enjoyed as a school lot for the use of said School District Number Ten. ’ ’
It could be argued upon substantial authority that the clause in question carried a forfeiture restriction resulting in a reversion to the grantors, either automatically, or, at the election of the grantors if the restriction relating to the use of the land is violated. Either of two general types of conveyances produce this result.
First: A conveyance upon a special or conditional limitation, by the use of words such as “ until ”, “ so long as ”, “ during ”, or language of similar import, creates a possibility of reverter, and, if the land is used for any other purpose, the reverter automatically occurs and the grantor and his heirs are vested with a possessory estate in the land (26 O. J. S., Deeds, § 110, p. 920; Thypin v. Magner, 28 N. Y. S. 2d 262; Nichols v. Haehn, 8 A D 2d 405 [opinion by Williams, J., June 18, 1959]). See, also, Restatement, Property (§ 44, comment Z, illust. 17, par. I) which provides an illustration of the automatic termination; “to B (a railroad corporation) to have and to hold for railroad purposes for and during the continuance of said railroad ”.
Second: A conveyance upon a condition subsequent, e.g., on the happening of some future event or contingency, the fee becomes subject to termination by the exercise of a power of re-entry for conditions breached. (26 C. J. S., Deeds, § 110, p. 922; Upington v. Corrigan, 151 N. Y. 143; Nicoll v. New York & Erie R. R. Co., 12 N. Y. 121; Rice v. Caldwell, 201 Misc. 952, affd. 281 App. Div. 952.)
It will be observed that the difference between a condition and a conditional limitation is that in the former a re-entry is necessary in case of a breach to effectuate the forfeiture, while in the latter, it is not. (1 Weed, New York Real Property [3rd ed.], p. 283.)
In my opinion the language used in the 1839 deed to the school district does not create either a condition subsequent, a conditional limitation, a power in trust, or any other limitation or condition on the fee conveyed to the trustees of the district. It was merely a recital of the purpose for which the property was to be used.
“ In the absence of a reverter clause, a mere statement in a deed that land is to be used for a specified purpose is merely a declaration of the purpose of the conveyance, and does not in any way limit the grant.” (26 C. J. S., Deeds, § 162[1], p. 1087; id., § 134; Van De Bogert v. Reformed Dutch Church, 128 Misc. 603, affd. 219 App. Div. 220; Board of Educ. v. Long, *884 268'App. Div. 1053; Board of Educ. v. Reilly, 71 App. Div. 468; Post v. Weil, 115 N. Y. 361.) In the latter case, the opinion stated (p. 366) “ Mere words should not be and have not usually been deemed sufficient to constitute a condition, and to entail the consequences of forfeiture of an estate”. The deed in the Van Be Bogert case granted certain lands to four named individuals, ‘ ‘ their heirs and assigns forever, ’ ’ with a habendum clause stating that the grantees were to have and to hold the premises for the purpose of building a “ meetinghouse ” of the Reformed Dutch Church and providing a burial place for deceased members. The court, after noting (219 App. Div 224) that the word “ condition ” was not used, that there was no forfeiture clause or any provision for a re-entry after breach, and after further stating- (p. 225) that conditions sub- - sequent are not favored, concluded as follows (p. 226): “ From the foregoing it seems clear that the estate conveyed by Van De Bogert was neither an estate upon limitation nor an estate upon condition.” Among the cases cited with approval in Van Be Bogert is Lyon v. Hersey (103 N. Y. 264, 270) where it was stated by Ruger,, Ch. J., “In the construction of all contracts under which forfeitures are claimed, it is the duty of the court to interpret them strictly in order to avoid such a result, for a forfeiture is not favored in the law.”
The instant deed presents a close parallel to Van Be Bogert. It contains no covenant on the part of the grantees that they will not use or permit the property to be used for other than school purposes; nor is there any provision for a forfeiture, and no right of re-entry reserved.
Moreover, if we are to assume, arguendo, that a forfeiture had occurred, the plaintiffs are not the beneficiaries thereof. It is a settled law of this State that no one can take advantage of a breach of a condition annexed to the grant of a fee but the grantor or his heirs, or possibly his transferees. (Upington v. Corrigan, supra.) In the instant case, plaintiffs are neither heirs nor assignees of the grantors. (See Nichols v. Haehn, supra, in which the Appellate Division, Fourth Department, has held that the possibility of reverter is alienable under the particular circumstances there existing.)
Neither am I able to accept plaintiffs’ contention that the deed to the school district created a power in trust. The statutory definition of a power and a power in trust precludes such an inference. (Real Property Law, §§ 131, 137.) “A power is an authority to do an act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner, granting or reserving the power, *885 might himself lawfully perform.” (§ 131.) Obviously the Pulteney estate as the grantor of the alleged power had no right to perform the functions of the trustees in conducting a school. The cases cited are not in point as they involve conventional powers granted to executors and trustees of decedent’s estate.
Under the Education Law (§§ 1804, 1805), the defendant Board of Education of Central School District Number Two is placed in the position of the trustees of former District Number Ten of the Town of Cameron, the fee holder, for the purpose of exercising the powers vested in it over the land and schoolhouse in question. It is not my intention to determine any rights in the subject property as between the defendant central school and the former District Number Ten. (See Rice v. Caldwell, supra.)
For the reasons herein stated, I find that plaintiffs are not the owners in fee, nor are they entitled to any right, title or interest in and to the schoolhouse lot and the buildings thereon described in the complaint. It follows, therefore, that defendant is entitled to a judgment dismissing plaintiff’s complaint, but without costs.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.
Submit judgment accordingly.