■ PETER W. GRANT et al., Appellants, v. FRANCIS R. KOENIG, as Mayor of the City of Kingston, et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered October 14, 1971 in Ulster County, which granted defendants' motions for summary judgment dismissing the complaint. In October of 1946 four members of the Rice family conveyed a parcel of land to the City of Kingston on the express condition that said land was to be used for public park purposes to be identified as " Rice Park" in memory of Senator Jacob Rice and Sophie Rice, his wife. The deed contained the following language: " and that in the event of the discontinuance at any time hereafter of the use of such lands for public park purposes or of the use of the name 'Rice Park' to identify said lands, all of the same shall immediately revert to the parties of the first part or their heirs". On December 2, 1969 the Common Council of the City of Kingston passed a resolution of intent to discontinue use of the property as a park. Thereafter quitclaim deeds were executed by numerous heirs of the original four grantors to the VFW Post, each containing the language: " to extinguish a right of reversion contained [in the 1946 deed] ". Subsequently, on July 29, 1970 the city conveyed the property to the VFW Post and the four deceased original grantors. Plaintiffs seek a declaration in this taxpayers' action, brought pursuant to

section 51 of the General Municipal Law, that the deed given by the city is illegal, null and void and restraining the VFW Post from taking any action *pendente lite*. Special Term granted defendants' motions for summary judgment and plaintiffs appeal from that order. We are of the opinion that the order should be affirmed. The 1946 conveyance from the Rices to the city created a fee simple subject to a condition subsequent. (See *Fausett* v. *Guisewhite*, 16 A D 2d 82; 20 N. Y. Jur., Estates, § 33.) The future estate remaining in the grantor is called a right of reacquisition (EPTL 6–4.6). At common law this right of reacquisition was neither assignable, devisable nor descendible before or after breach of the condition and an attempt to assign the right extinguished it and destroyed the condition (*Fausett* v. *Guisewhite, supra*). The Legislature by enacting EPTL 6–5.1, however, has made all future estates descendible, devisable and alienable. (See, generally, Practice Commentary by I. Leo Glasser, McKinney's Cons. Laws of N. Y., Book 17B, EPTL 6–5.6, Supp., p. 25.) On December 2, 1969 when the city formally abandoned the use of the property here involved as a public park, the right of reacquisition was thereby reposed in the heirs of the original four grantors. Plaintiffs contend nonetheless that the deeds executed by these heirs effected a waiver of such right of reacquisition. We believe, however, that when the language of the deeds is considered, along with the circumstances surrounding the transaction, the deeds should be construed as transferring rather than extinguishing the respective grantors' interest in the right of reacquisition to the VFW Post. Since such right is now alienable, by the deeds of these heirs the unexercised right of reacquisition as of the time of the city's conveyance of July 28, 1970 was transferred to the VFW Post. Plaintiffs further maintain that upon accepting the property for a park the city assumed a trust obligation to continue such use which could be relieved only by specific act of the Legislature. Where, as here, however, the land acquired by the city for public park purposes was conveyed subject to a condition subsequent it is not under the control of the Legislature (see *Matter of Central Parkway*, 140 Misc. 727, 728–729). It was, therefore, unnecessary for the city to obtain the Legislature's approval prior to conveying the property. On the other hand, plaintiffs contend that any exception to the general rule requiring State legislation does not apply in the instant case due to the fact that prior to the city's conveyance the 10-year Statute of Limitations of section 612 of the Real Property Actions and Proceedings Law had run. Although we find no proof in the record of when the property ceased to be used by the city, it appears that it was for no more than three or four years prior to the December, 1969 resolution. Since the statute is waived unless asserted as an affirmative defense, we hold an action by the owner of the right of reacquisition to recover possession of the property was not barred prior to the city's conveyance. Moreover, it is clear that the city had no intention of taking advantage of the statute. Finally, plaintiffs urge that the city's conveyance is illegal because it was not in compliance with the advertising and public sale requirements of section 23 of the General City Law. Compliance with this section was not required since the city, by operation of law, could convey its interest in the property only to the owner of the right of reacquisition. In any event, the VFW Post title is not dependent upon the conveyance from the city. We find no merit in plaintiffs' other contentions. Order affirmed, with costs. Sweeney, Simons, Kane and Reynolds, JJ., concur; Staley, Jr., J. P., not voting. [67 Misc 2d 1028.]