UNITED METHODIST CHURCH IN WEST SAND LAKE, Appellant, v DOROTHY DOBBINS et al., Respondents.

Third Department, June 19, 1975

*Cooper & Cooper (Earle N. Cooper* of counsel), for appellant.

*McClung, Peters & Simon* for Minnie Kunz and others, respondents.

*McNamee, Lochner, Titus & Williams (Timothy B. Thornton* of counsel), for Ruth Goeldner, respondent.

GREENBLOTT, J. P. By deed dated January 29, 1852, Bernhard Uline and Lucy Y.C. Uline conveyed certain land in West Sand Lake, Rensselaer County, to the Trustees of the Methodist Episcopal Church and their successors in office. By an order of the Rensselaer County Supreme Court granted April 24, 1968, the Methodist Episcopal Church in West Sand Lake and Salem Church of the Village of West Sand Lake were merged to become The United Methodist Church in West Sand Lake, the plaintiff herein, which became the owner of the property.

The 1852 deed from Bernhard and Lucy Uline to the Methodist Episcopal Church contained the following clause: "This conveyance is made *upon the express condition* that whenever said Church ceases to use said lot for a site for a meeting

house or parsonage house, it *shall then revert* back to the farm of said Bernhard Uline and *become the property of whoever shall own said farm."* (Emphasis supplied.)

The land conveyed by the 1852 deed has been leased by plaintiff to the Bible Baptist Church which now wishes to buy said property. This action was commenced under article 15 of the Real Property Actions and Proceedings Law to determine that fee title to the premises was in the plaintiff and that the defendants (heirs at law and distributees of the grantors) have no interest in the premises. The record contains no information as to the names of the current owners of the former Uline farm.

We must here determine what the grantors conveyed by virtue of the 1852 deed. Special Term, relying on EPTL 6-4.6, held that the language used created a "right of reacquisition". It recognized that the general distinction at common law between fee on limitations and fee on condition is that the former is created by words denoting the running of time and the latter has its genesis in a condition subsequent. While we recognize that a right of reacquisition may now be created under the EPTL, we are of the opinion that this case cannot be governed by that law since it became effective September 1, 1967 and applies to "instruments making dispositions or appointments thereof, of persons living on its effective date or born subsequent thereto". (EPTL 1-1.5.) Thus, the EPTL has no applicability to the case at bar.

The language in the deed in question created a fee subject to condition subsequent. At common law, such a right of reacquisition could only be created in favor of the creator or his heirs *(Upington v Corrigan,* 151 NY 143; *Craig v Wells,* 11 NY 315), and an attempt to assign the right would extinguish the right and cancel the condition *(Upington v Corrigan, supra; Fausett v Guisewhite,* 16 AD2d 82). At common law this "right of reacquisition" created in favor of the grantor and his heirs, whether on a limitation of time or subject to condition subsequent, was unassignable, undevisable and undescendible before or after breach of condition *(Fowler v Coates,* 201 NY 257; *Vail v Long Is. R. R. Co.,* 106 NY 283) although it is now fully assignable, devisable and descendible (EPTL 6-5.1).

The grantors by the very words used in the deed did not attempt to create any interest in themselves and their heirs. Instead they declared that "whenever said Church ceases to

use said lot for a site for a meeting house or a parsonage house, it shall then revert back to the farm of the said Bernhard Uline and *become the property of whoever shall own said farm"* (emphasis supplied), thus attempting to create a right of reacquisition in a third party. Because of the prohibition on assignment of such rights at the time of the conveyance herein, this attempt was a nullity and void in its inception.

The order should be reversed, on the law, without costs, the motion granted, and judgment directed to be entered in favor of plaintiff declaring that it is seized of the subject premises in fee simple absolute, free and clear from any claim of the defendants.

SWEENEY, KANE, LARKIN AND REYNOLDS, JJ., concur.

Order reversed, on the law, without costs, motion granted, and judgment directed to be entered in favor of plaintiff declaring that it is seized of the subject premises in fee simple absolute, free and clear from any claim of the defendants.