■ BOARD OF EDUCATION OF THE RAMAPO CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v EVA GREENE et al., Respondents-Appellants, and RICHARD DATOR et al., Respondents.—In an action pursuant to RPAPL 1955 to extinguish a certain restriction on real property contained in a deed recorded in 1868, the plaintiff appeals, and defendants Eva Greene, May Olive Valentine Wiley, Marian Dator Grossman, Thomas Da-

tor, Doris Dator Reutershaw, Benjamin Moffatt, Tracy Moffatt, Elizabeth Moffatt Stuart, Barbara Rothhaupt Meyerdierks, Mary Elizabeth Dunn Stoffl and John Dunn cross-appeal from an order of the Supreme Court, Rockland County (Colabella, J.), dated May 10, 1984, which denied their respective motions for summary judgment.

Order affirmed, without costs or disbursements.

On March 20, 1867, Jacob F. Straut and Margaret Straut executed and delivered a deed conveying certain real property to the "[t]rustees of School District No. 4 of the Town of Ramapo * * * and their successors in office". The deed contained the following restrictive language: "To be used by the said trustees and their successors in office as a site for the District School house and for no other purpose. And in case said land shall not be used or needed as such School House site then the said land to revert to the said party of the first part his heirs and assigns forever".

In accordance with the above provision, the property was used as a site for the "Airmont School". In 1941, School District No. 4 of the Town of Ramapo became part of a newly centralized school district known as the Ramapo Central School District. This latter school district continued to use the Airmont School as a schoolhouse until 1983, when the plaintiff Board of Education closed the school for pupil use. Plaintiff then commenced the instant action pursuant to RPAPL 1955 to extinguish the aforementioned restriction on the land, alleging that the restriction's purpose was "to ensure that the substantial value of the land conveyed be devoted to and employed for an educational purpose". Plaintiff further alleged that the restriction was substantially impeding the school district in providing educational services, and that a sale of the property would be in the district's "best interests". The respondents-appellants, as heirs of Jacob and Margaret Straut, alleged that the purpose of the restriction was that the property be used only for a schoolhouse site. Subsequently, the plaintiff moved, and the respondents-appellants cross-moved, for summary judgment. The Supreme Court, Rockland County denied the motions, finding that the parties had raised issues of fact requiring a trial. We agree with that determination.

The allegations contained in the complaint, if believed, contain facts sufficient to enable plaintiff's case to withstand a motion for summary judgment. While the restrictive language appears on its face to support the interpretation advocated by respondents-appellants, since the conveyance was made to an organization for public benefit and was intended to last for a

long period (as evidenced by its applicability to "successors in office"), genuine issues of fact are raised as to the intent of the grantors in conveying the subject property. As such, the parties should be allowed to present proof on this issue at a full trial.

We reject plaintiff's contention that the inclusion of the word "assigns" in the restrictive clause constitutes an impermissible power to assign the future interest created by the clause to a third party and thus renders such interest a legal nullity. Whether the interest here created is a possibility of reverter (as respondents-appellants contend) or a right of reacquisition (as plaintiff maintains), it is not rendered invalid by the mere inclusion of the word "assigns". Under the applicable rules of the common law, it appears that a possibility of reverter could be freely assigned and alienated (see, *Nichols v Haehn,* 8 AD2d 405). Moreover, while a right of reacquisition would be rendered void at common law if an attempt was made to assign it (see, *Upington v Corrigan,* 151 NY 143; *Grant v Koenig,* 39 AD2d 1000; *Fausett v Guisewhite,* 16 AD2d 82), no such attempt was made in the instant case. Neither our own research nor that of the parties has revealed any authority for the proposition that a future interest in favor of the grantor's "heirs and assigns" is rendered void by the mere presence of such language. Instead it appears that unless there is an *actual attempt* to assign the interest to an outsider, the language has no effect on the validity of the interest so created (see, *Simms v Folts Mission Inst,* 154 Misc 384, *affd* 248 App Div 668, *affd* 273 NY 640).

Plaintiff further contends that the deed restriction was violated in 1941 when School District No. 4 of the Town of Ramapo was absorbed into the newly centralized Ramapo Central School District. Therefore, plaintiff reasons that under the terms of RPAPL 612 (2), the respondents-appellants were precluded from asserting any claim to the property after September 1, 1965. This contention is wholly unpersuasive, for it is well established that a central school district's board of education becomes the successor in interest of the trustees of school districts which merge into the centralized district (see, Education Law § 1804; *Rice v Caldwell,* 201 Misc 952, *affd* 281 App Div 952; *De Kay v Board of Educ.,* 20 Misc 2d 881). This conclusion is further supported by the fact that the Ramapo Central School District continued to use the Airmont School for student education until 1983.

In determining that there are factual issues requiring a trial, we also note that, should the trial court adopt plaintiff's

interpretation of the restrictive language and rule in its favor, further factual findings are mandated by RPAPL 1955 (3). Among these are determinations as to whether and the extent to which the restriction is substantially impeding the furtherance of plaintiff's educational purpose and whether the extinguishment or modification of the future interest would substantially damage the respondents-appellants so as to justify an award of damages or restitution. Moreover, the court may, in its discretion, make factual findings in accordance with the guidelines set forth in RPAPL 1955 (4). Since such findings, if necessary, cannot be made on the present record, Special Term properly denied the respective motions for summary judgment. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.