■ In the Matter of INCORPORATED VILLAGE OF GARDEN CITY, Respondent. GARDEN CITY COMPANY, INC., Appellant; CATHEDRAL OF THE INCARNATION IN THE DIOCESE OF LONG ISLAND, Condemnee-Respondent; ATTORNEY GENERAL OF THE STATE OF NEW YORK, Respondent. [734 NYS2d 225] —In a condemnation proceeding in which the petitioner, the Incorporated Village of Garden City, seeks to acquire title to certain real property, the claimant, Garden City Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated June 30, 2000, as granted the petitioner's motion for summary judgment dismissing its claim for a fee interest in the property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner, the Incorporated Village of Garden City (hereinafter the Village), commenced this proceeding in October 1993 to acquire title to real property known as the St. Paul's School (hereinafter the property), and owned by Cathedral of the Incarnation in the Diocese of Long Island (hereinafter Cathedral). Cathedral acquired title to the property by three deeds that were executed in the late 1800's (hereinafter the original deeds). The first deed executed in 1885 contained a restriction that the property was to be used for religious and educational purposes "without power, right, or authority to grant, convey, lease or mortgage the same in any way or manner whatsoever." The two later deeds contained similar restrictions.

The Cathedral and the Village executed a memorandum of understanding in December 1992, wherein the Village agreed

to acquire the property by condemnation for a price certain. Thereafter, in April 1993 Cathedral filed a voluntary bankruptcy petition under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. The bankruptcy court ordered that the automatic stay be lifted with respect to efforts by the Village to institute this proceeding.

The claimant, Garden City Company, Inc. (hereinafter the Company), claimed an interest in the property, pursuant to a fourth deed, dated January 27, 1893 (hereinafter the Company deed). The Company also claimed an interest under the Company deed to certain unopened street beds, known as the Madison Avenue and Ninth Avenue road beds (hereinafter the road beds). The Company maintained that the grantors in each of the original deeds retained a reversionary interest which was later conveyed to the Company by the heirs of the original grantors pursuant to the Company deed. Further, the Company maintained that Cathedral violated the restrictions contained in the original deeds by selling the property to the Village, and that this violation automatically terminated its interest in the property, and accordingly, the property reverted to the Company.

The Village moved for summary judgment dismissing the Company's claim, arguing, *inter alia*, that the original deeds did not create a reversionary interest. The Supreme Court granted the motion by the Village for summary judgment dismissing the claim, finding, *inter alia*, that the original deeds created, at most, a right of reentry. Further, the Supreme Court held that the Company had no interest in the road beds. With respect to the Madison Avenue road bed, the Supreme Court ruled that Cathedral owned that road bed by adverse possession. The Supreme Court noted that Cathedral's construction of a building on the subject road bed and its continued use and cultivation of the road bed satisfied the requirements of adverse possession. As for the Company's claim to the Ninth Avenue road bed, the Supreme Court determined that a subsequent unrecorded deed between the Company and Cathedral conveyed the subject road bed to Cathedral.

Contrary to the contention of the Company, the Supreme Court properly granted the Village summary judgment dismissing its claim. The original deeds did not contain a reversionary interest, and, at most, created a right of reentry, as the deeds did not contain any language providing for the automatic termination of Cathedral's interest in the property in the event that the property was no longer used for religious and

educational purposes (*see, Cathedral of Incarnation v Garden City Co.*, 265 AD2d 286, 289).

Moreover, any attempt by the heirs of the original grantors to assign a right of reentry to the Company would be rendered void, since, under the common law, such a right was not assignable or devisable at the time that the original deeds were executed (*see, Cathedral of Incarnation v Garden City Co., supra*, at 289; *Board of Educ. v Greene,* 112 AD2d 182, 184).

The Company's remaining contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Cozier, JJ., concur.