Njcb Spec-1, LLC v Budnik (2018 NY Slip Op 03376)





Njcb Spec-1, LLC v Budnik


2018 NY Slip Op 03376


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-07490
 (Index No. 7478/13)

[*1]NJCB SPEC-1, LLC, appellant, 
v
Theodora Budnik, et al., respondents, et al., defendants.


Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Julie A. Levine of counsel), for appellant.
Stenger, Roberts, Davis & Diamond, LLP, Wappingers Falls, NY (Kenneth M. Stenger of counsel), for respondents Theodora Budnik and Elizabeth Shafer.
Drake Loeb, PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondents
Edward A. Kearney III, Jesse E. Kearney, Charlene Kearney, John W. Kearney II, and William Hunt.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that restrictions in four deeds are void and unenforceable, the plaintiff appeals from so much of a judgment of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated April 29, 2015, as, upon an order of the same court dated September 10, 2014, is in favor of the defendants Theodora Budnik and Elizabeth Shafer and against it declaring that those defendants hold a valid and enforceable reverter interest in the property described in a deed dated August 19, 1941, and is in favor of the defendants Edward A. Kearney III, Jesse E. Kearney, John W. Kearney II, and William Hunt and against it declaring that those defendants hold a valid and enforceable reverter interest in the property described in a deed dated January 14, 1953.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff acquired title to premises being used as a golf club by deed in lieu of foreclosure in 2013. The premises comprises four plots of land subject to use restrictions, two of which are at issue on this appeal. Two deeds, dated August 19, 1941, and January 14, 1953, transferred their respective lots "for so long as" each was used "for golf club purposes, and for no other purposes." Should either lot "ever cease to be used . . . for golf club purposes," then "the estate granted . . . shall thereupon become void, and title to said lands shall revert back" to the grantors or the grantors' successors in interest, "who thereupon may enter said lands as if this conveyance had never been made." The defendants Theodora Budnik and Elizabeth Shafer are heirs to the grantors of the 1941 deed. On November 2, 1964, the grantor of the 1953 deed conveyed her future interest to Edward A. and Elizabeth B. Kearney. The defendants Edward A. Kearney III, Jesse E. Kearney, John W. Kearney II, and William Hunt (hereinafter collectively the Kearney defendants, and together with Budnik and Shafer, the defendants) are the successors in interest to Edward A. and Elizabeth B. Kearney.
In September 2013, the plaintiff commenced this action against, among others, the defendants, inter alia, for a judgment declaring that the use restrictions on the four plots of land are void and unenforceable. The plaintiff then moved, inter alia, for summary judgment on the second and third causes of action, which sought a judgment declaring that the use restrictions and right of reverter or reacquisition in the 1941 deed and the 1953 deed are void and unenforceable. The plaintiff argued that the 1941 deed did not allow for the transfer of its future interest through inheritance, and that the future interest created by the 1953 deed terminated when the grantor transferred it in 1964. Budnik cross-moved, and Shafer and the Kearney defendants separately cross-moved, for summary judgment on their respective counterclaims for a judgment declaring that their respective future interests are valid and enforceable. In an order dated September 10, 2014, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the second and third causes of action, and granted the defendants' separate cross motions. A judgment was entered accordingly. The plaintiff appeals.
Contrary to the plaintiff's contention, the 1941 deed and the 1953 deed created possibilities of reverter. " [E]very instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law'" (328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d 372, 381, quoting Real Property Law § 240[3]). No precise language is necessary to create a possibility of reverter, but "[a] characteristic of the type of expression which works automatic expiration of the grantee's fee seems to be one in which time is an important factor," such as use of the words "until," "so long as," or "during" (Fausett v Guisewhite, 16 AD2d 82, 86-87; see EPTL 6-4.5; Cathedral of the Incarnation in the Diocese of Long Is. v Garden City Co., 265 AD2d 286, 289). Here, the 1941 deed and the 1953 deed unequivocally called for automatic forfeiture of the estate upon breach and thereby created for their respective grantors possibilities of reverter.
The plaintiff's contention that the conveyance in 1964 of the future interest of the grantor of the 1953 deed invalidated the Kearney defendants' possibility of reverter is without merit. Although no statute in effect in 1964 explicitly provided the grantor of the 1953 deed with a right to convey her possibility of reverter (see L 1962, ch 146, § 3), under the applicable rules of the common law, "a possibility of reverter could be freely assigned and alienated" (Board of Educ. of Ramapo Cent. School Dist. v Greene, 112 AD2d 182, 184; see Lipetz v Papish, 308 NY 787, 788; Nichols v Haehn, 8 AD2d 405, 410-412). The cases cited by the plaintiff are inapposite, as they concern the right of reacquisition, which is a future estate left in the creator or in his or her successors in interest upon the simultaneous creation of an estate on a condition subsequent (see EPTL 6-4.6). Unlike a possibility of reverter, a right of reacquisition was rendered void at common law if an attempt was made to assign it (see People v Wainwright, 237 NY 407, 411; Fowler v Coates, 201 NY 257, 262; Upington v Corrigan, 151 NY 143, 153; Stonegate Family Holdings, Inc. v Revolutionary Trails, Inc., Boy Scouts of Am., 73 AD3d 1257, 1259; Board of Educ. of Ramapo Cent. School Dist. v Greene, 112 AD2d at 184; United Meothdist Church in W. Sand Lake v Dobbins, 48 AD2d 485, 486). The 1964 conveyance therefore did not invalidate the possibility of reverter held by the Kearney defendants. Accordingly, the Supreme Court properly declared that the Kearney defendants' possibility of reverter is valid and enforceable.
The plaintiff's contention that the restrictions in the 1941 deed and the 1953 deed unreasonably limited the use and development of the premises is improperly raised for the first time on appeal.
We have not considered the plaintiff's contention that the Supreme Court failed to include a provision in the judgment awarding it the relief sought in its fourth cause of action, as that contention is beyond the scope of its limited notice of appeal from the judgment (see White v Farrell, 20 NY3d 487, 493 n 1; O'Brien v Town of Huntington, 131 AD3d 685, 687; Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d 852, 853; Hunt v Raymour & Flanigan, 105 AD3d 1005, 1006; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 516-517).
RIVERA, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court