AL 557 Doe v Central Val. Cent. Sch. Dist. (2024 NY Slip Op 02652)

AL 557 Doe v Central Val. Cent. Sch. Dist.

2024 NY Slip Op 02652

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

970 CA 22-01908

[*1]AL 557 DOE, PLAINTIFF-RESPONDENT,
v
CENTRAL VALLEY CENTRAL SCHOOL DISTRICT, FORMERLY KNOWN AS ILION CENTRAL SCHOOL DISTRICT, CENTRAL VALLEY CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, FORMERLY KNOWN AS ILION CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, DEFENDANTS-APPELLANTS, AND EAST FRANKFORT SCHOOL, DEFENDANT. 

GIRVIN & FERLAZZO, P.C., ALBANY (PATRICK J. FITZGERALD OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LAFAVE, WEIN AND FRAMENT, PLLC, ALBANY (JASON A. FRAMENT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Herkimer County (Jeffrey A. Tait, J.), entered November 2, 2022. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against defendants Central Valley Central School District, formerly known as Ilion Central School District (Central Valley); Central Valley Central School District Board of Education, formerly known as Ilion Central School District Board of Education (Board); and East Frankfort School.
The parties on this appeal do not dispute that, in 2013, Ilion Central School District (Ilion) merged with Mohawk Central School District as a part of a centralization to become Central Valley Central School District. After defendants answered, they moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), contending, among other things, that they are not proper parties to the action because Central Valley did not exist until 2013, and the centralization that occurred in 2013 pursuant to Education Law §§ 1801 and 1802 (1) resulted in the dissolution of Ilion. They also contended that East Frankfort School ceased to exist in 1977 and, at all relevant times, was merely a part of Ilion and lacked a separate and distinct legal existence. Supreme Court denied the motion to dismiss except insofar as it sought to dismiss the amended complaint against East Frankfort School. Central Valley and the Board (collectively, appellants) now appeal, and we affirm.
We conclude, initially, that the action may be maintained against Central Valley and the Board, notwithstanding that Central Valley and the Board came into existence in 2013 as a result of the centralization. Education Law § 1804 provides for a centralized school district's responsibility to a component district's property and indebtedness. Pursuant to section 1804, a "central school district's board of education becomes the successor in interest of the trustees of school districts which merge into the centralized district" regardless of when the centralization occurred (Board of Educ. of Ramapo Cent. School Dist. v Greene , 112 AD2d 182, 184 [2d Dept 1985]). Moreover, the component district "shall continue to exist in law . . . for the purpose of providing for and paying all its just debts" (Education Law § 1518; see § 1804 [5] [a], [b]). We [*2]therefore conclude that Central Valley and the Board are proper parties to this action, but we note that any responsibilities resulting from this action will be left to the Board to address by taxing only the property owners of the component district from which those responsibilities arose (see generally Matter of Locust Val. Lib. v Board of Educ. of Cent. School Dist. No. 3 of Town of Oyster Bay , 54 Misc 2d 315, 323-324 [Sup Ct, Nassau County 1967]).
Contrary to appellants' contention, nothing in the plain language of the relevant statutes suggests that only fixed debts known to the component district at the time of centralization are "just debts." Plaintiff's causes of action accrued during Ilion Central's pre-centralization existence (cf. Barringer v Powell , 230 NY 37, 42 [1920]) and, pursuant to CPLR 214-g, the causes of action have been timely raised. Under the circumstances of this case, "just debts" are those debts, if any, "which shall turn out to be just" after all legal defenses have been exhausted (Martin v Gage , 9 NY 398, 401 [1853] [internal quotation marks omitted]).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court